JONES et al. v. SOCH et al. (No. 7416.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1925. Rehearing Denied Nov. 14, 1925.)

Constitutional law ☞56—Trespass to try title ☞23—Statute held not to deprive Ninety-Fourth district court, Bexar county, of constitutional jurisdiction as a district court.

District court of Ninety-Fourth district, Bexar county, had jurisdiction of an action in nature of trespass to try title, and Acts 38th Leg. (1923) c. 53, creating it and requiring it to give preference to trial of criminal cases and to determine causes for divorce, etc., does not deprive it of its constitutional jurisdiction as a district court.

Appeal from District Court, Bexar County; W. W. McCrory, Judge.

Action by Mary Duerler Soch and husband against Vaughan B. Jones, and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. W. Walling and T. M. West, both of San Antonio, for appellants.

P. H. Swearingen, of San Antonio, for appellees.

FLY, C. J. This is an action in the nature of trespass to try title to 25 acres of land and to cancel a certain deed, instituted by appellees against appellants, Vaughan B. Jones and L. O. Gleason, who assailed the jurisdiction of the district court of the Ninety-Fourth judicial district to try the cause. The plea to the jurisdiction was overruled, and on a trial by the court, without a jury, judgment was rendered in favor of appellees for the property, and to set aside the deed purporting to have been executed by Mary Duerler, now Mary Duerler Soch.

The jurisdiction of the court was assailed on the ground that it was not a court of general jurisdiction, but one of limited jurisdiction. The Ninety-Fourth district court was created by the Thirty-Eighth Legislature in 1923. Gen. Laws, c. 53, pp. 101, 102, 103. After providing for five district courts in Bexar county, it is provided in section 8:

"That the jurisdiction of said district courts of Bexar county herein created by this act shall be concurrent and shall extend with the limits of Bexas county over all cases, proceedings and matters of which district courts are given jurisdiction by the Constitution and the laws of this state, except, and as hereinafter provided, the courts of the Thirty-Seventh and Ninety-Fourth judicial districts shall give preference to the trial of criminal cases and that the Ninety-Fourth district court shall also, next to the trial and determination of criminal causes, try and determine causes for divorce between husband and wife, the custody of children, and the adjudication of property rights in connection therewith, have power to issue writs of habeas

corpus, mandamus, injunctions and certiorari and all writs necessary to enforce its jurisdiction, and may appoint receivers under the conditions and as provided by article 2128, Revised Civil Statutes of the state of Texas, and shall try and determine no other causes."

Under the law of its creation, we feel satisfied that the district court had jurisdiction of the case before us. The law did not deprive the court of its constitutional jurisdiction as a district court. That jurisdiction is fixed by the Constitution, and a Legislature could not destroy it. The court was created by the Legislature, and, as said by the Supreme Court in Railway Co. v. Hall, 98 Tex. 480, 85 S. W. 786:

"It was at once clothed with the powers conferred by the Constitution upon such courts, and any attempts in the act to unduly limit those powers must be treated as futile."

The attack on the jurisdiction is without merit. There is no conflict between this decision and that in Cunningham v. Corpus Christi (Tex. Civ. App.) 260 S. W. 266. In the latter case the Legislature did not create a district court, but a criminal district court, under the power granted in article 5, § 1, of the Constitution, which authorizes the creation of other courts than those named in the Constitution.

Our former opinion is set aside and withdrawn, and the judgment will be affirmed.