B. L. REASONOVER V. EDNA REASONOVER.

No. 5898.   Decided June 24, 1933.
(58 S. W., 2d Series, 817.)

.  A. B. Crane, B. F. Robinson, and Crane & Hartwell, all of Raymondville, for appellant.

The Constitution of the State of Texas gives authority to the Legislature to create any court that it may decide is needed and may change the statutory jurisdiction of all of the other courts so as to conform them to the jurisdiction given to such newly created courts. Constitution, art. 5, sec. 1; State v. Gillette's Estate (Com. App.), 10 S. W. (2d) 984; Turner v. Tucker, 258 S. W., 149; Ex parte Abrams, 56 Texas Crim. Rep., 465, 120 S. W., 883; Bland v. City of Taylor (Civ. App.), 37 S. W. (2d) 291.

*J. G. Foster*, of Raymondville, for appellee.

*James R. Dougherty*, of Beeville, *F. W. Seabury* and *Duvall West*, of Brownsville, as amicus curiae.

MR. JUSTICE PIERSON delivered the opinion of the court.

Certified question from the Honorable Court of Civil Appeals for the Fourth Supreme Judicial District. The statement and question are as follows:

"This suit for divorce and settlement of the property rights of the parties was instituted and tried in the One Hundred and Third District Court of Willacy County. From a judgment granting a divorce in favor of Edna Reasonover against her husband, B. L. Reasonover, and adjusting their property rights, the latter has appealed. We are confronted at the outset with an attack upon the jurisdiction of the court which tried the cause.

"By an Act approved August 17, 1921, the Thirty-seventh Legislature created a Criminal District Court for the counties of Nueces, Kleberg, Kenedy, Willacy, and Cameron, then comprising the Twenty-eighth Judicial District. Ch. 8, 1st Called Sess., p. 12. By the terms of the Act it was provided that the newly created Criminal District Court 'shall have and exercise all of the criminal jurisdiction now vested in and exercised by the District Court of the Twenty-eighth Judicial District of Texas and said Criminal District Court shall try and determine all causes for divorce between husband and wife and adjudicate property rights in connection therewith in said counties' * * *. It was further provided by the Act that from and after the taking of effect thereof the District Court of said 28th District 'shall cease to have and exercise any criminal jurisdiction in either of said counties and shall cease to have and exercise any jurisdiction of divorce cases in either of said counties.'

"The Thirty-ninth Legislature reorganized the 28th Judicial District so as to exclude therefrom the counties of Willacy and

Cameron, and created the 103d Judicial District, to be composed of those two counties thus excluded from the 28th District. By the terms of the same Act it was provided that 'There is hereby continued as established for the counties of Nueces, Kleberg, Kenedy, Willacy and Cameron a criminal district court, which shall have and exercise all of the criminal jurisdiction now vested in and exercised by the district court of the Twenty-eighth Judicial District of Texas, and said Criminal District Court shall try and determine all causes for divorce between husband and wife and adjudicate property rights in connection therewith in said counties" * * *, and that 'From and after the time when this Act shall take effect, the District Court of the Twenty-eighth Judicial District composed of the counties of Nueces, Kleberg and Kenedy, and the District Court of the One Hundred and Third Judicial District Court, composed of the counties of Willacy and Cameron, shall cease to have and exercise any criminal jurisdiction in either of said counties, and shall cease to have and exercise any jurisdiction of divorce cases in either of said counties" * * *. This Act is still in effect.

"It will be seen, therefore, that by express statutory enactment jurisdiction over actions for divorce and the settlement of property rights growing out of divorce cases was taken from the District Courts of the 28th and 103d districts and placed exclusively in the Criminal District Court embracing the counties composing those districts, including Willacy County. Applying the terms of the Act to this case jurisdiction thereover rests exclusively in the Criminal District Court of Willacy County, and the suit was not properly maintainable in the 103d District Court, in which it was brought and tried.

"It is contended by appellee that the provision in the Act in question which seeks to deprive the District Court of the One Hundred and Third Judicial District of Willacy County of jurisdiction in divorce cases and the settlement of property rights in connection therewith, and to confer exclusive jurisdiction in such causes upon the Criminal District Court of said county, is prohibited by the Constitution, and is therefore ineffectual. Although the Act as it relates to the District Court of the Twenty-eighth Judicial District was passed ten years ago, and as it affects the District Court of the One Hundred and Third District, eight years ago, its validity does not appear to have ever been questioned until it was raised in this appeal. Upon original submission this Court held, in accordance with the attached opinion, that the Act was a valid exercise of the

powers conferred upon the Legislature in sec. 1, art. 5, of the Constitution, as amended by vote of the people of the State in 1891. The appeal is still pending in this Court upon appellee's motion for rehearing.

"Because of the importance of the question, and because of the conflicting dicta, and lack of authoritative decision of the Supreme Court upon the subject, the Court of Civil Appeals in and for the Fourth Supreme Judicial District of Texas deem it advisable to certify for your decision the following question arising from the case stated:

"Question: Did the Legislature have the power, in the Act establishing the Criminal District Court of Willacy County and the District Court of the One Hundred and Third Judicial District in said County, to withhold from the latter court jurisdiction of 'all causes for divorce between husband and wife and adjudicate property rights in connection therewith in said counties,' and to confer exclusive jurisdiction of said causes upon the Criminal District Court of said County?

"In connection with the question we respectfully refer Your Honors to the cases of Lytle v Halff, 75 Texas, 128, 12 S. W., 610; St Louis, S. W. Ry. Co. v. Hall, 98 Texas, 480, 85 S. W., 786; Harris Co. v. Stewart, 91 Texas, 133, 41 S. W., 650; Cockrell v. State, 85 Texas Crim. Rep., 326, 211 S. W., 939; Jones v. Soch (Texas Civ. App.), 277 S. W., 171."

We answer the question in the negative.

Section 1, Article 5, of the Constitution of Texas reads as follows:

"Section 1. The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Court of Justices of the Peace, and in such other courts as may be provided by law.

"The Criminal District Court of Galveston and Harris Counties shall continue with the district jurisdiction and organization now existing by law until other provided by law.

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto. (Sec. 1, Art. 5, adopted election August 11, 1891; proclamation September 22, 1891.)"

Section 8 of Article 5 expressly sets out and makes provision for original jurisdiction of the District Court, and among other provisions provides that said court shall have original jurisdiction "of all cases of divorce." This Section of Article 5

of the Constitution of 1876 has not been amended or modified in any way.

■ It is the opinion of this Court that in adopting the amendment to the Constitution in 1891, authorizing the Legislature to create other courts and providing that it "may conform the jurisdiction of the District and other inferior courts thereto," it was not intended to take away from and deprive the regular District Courts of the jurisdiction specifically given them by the Constitution. No provision of the Constitution anywhere intimates such a withdrawal or negation of jurisdiction. The simple fact that the people amended the Constitution so as to authorize the Legislature to create other courts than those theretofore provided by the Constitution, and to conform the jurisdiction of the District Courts to them when created, does not authorize the Legislature to deprive District Courts of that jurisdiction expressly given them by the Constitution.

This question was directly before this Court in the case of Jones et al. v. Soch et al., on application for writ of error to the Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio, in 1925. (277 S. W., 171).

The Act of the Thirty-eighth Legislature creating the Ninety-fourth District Court provided that that court should "give preference to the trial of criminal cases and * * * next to the trial and determination of criminal causes, try and determine causes for divorce between husband and wife, the custody of children, and the adjudication of property rights in connection therewith, have power to issue writs of habeas corpus, mandamus, injunctions and certiorari and all writs necessary to enforce its jurisdiction, and may appoint receivers under the conditions and as provided by article 2128, Revised Civil Statutes of the state of Texas, *and shall try and determine no other causes.*"

The Ninety-fourth District Court, presided over by Judge W. W. McCrory, tried a case in the nature of trespass to try title and to cancel a deed. The only issue on appeal was whether the Legislature could deprive the District Court of its jurisdiction to try the case. In his opinion Chief Justice Fly says:

"Under the law of its creation, we feel satisfied that the district court had jurisdiction of the case before us. The law did not deprive the court of its constitutional jurisdiction as a district court. That jurisdiction is fixed by the Constitution, and a Legislature could not destroy it. * * * The attack on the jurisdiction is without merit."

The writ of error was refused by this Court.

■ The conviction presses itself upon us that the provision of Section 1, Article 5, authorizing the Legislature to "establish such other courts," etc., was not intended to authorize the Legislature to deprive the regular District Courts of any of the jurisdiction expressly conferred on them by the Constitution; nor that the jurisdiction of the District Courts should be conformed to that of the statutory courts by destroying the constitutional jurisdiction of the District Courts or by transferring a part or all of it exclusively to a statutory court, but rather that such jurisdiction as fixed in the Constitution may be made concurrent with such *other* courts created by statute.

Corpus Juris thus defines the word "conform": "To make of the same form or character; make like; adjust"; and the word "conformity" as meaning "agreement, congruity with something else."

If "conform" means "to deprive," the Legislature is empowered to take away from the regular District Court all the jurisdiction given it by the Constitution, and confer it upon the statutory courts. This would not be "conforming," but "destroying" the jurisdiction of the District Court, to the extent the Legislature might elect. It is difficult to believe the people so intended, or that they intended to give to the word "conform" a meaning other than its ordinary meaning.

The amendment to Section 1, Article 5, adopted in 1891, does not purport to take away from the District Court or to authorize the Legislature to take away from it, its constitutional jurisdiction. It does authorize the Legislature to take from it the exclusive nature of its jurisdiction over the subjects mentioned in Section 8, Article 5, and permits the Legislature to give jurisdiction over them also to other courts. The Legislature cannot take away from a District Court jurisdiction given it by the Constitution. Jones et al. v. Soch et al., 277 S. W., 171 (writ refused); St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480, 85 S. W., 786; 11 Texas Jurisprudence, Sec. 5, pp. 706, 707, 708.

In Ry. v. Hall, which arose in 1905, it was said:

"It was also strongly intimated in that case (Lytle v. Halff, 75 Texas, 128) that a provision prohibiting a district court from impaneling grand juries was unconstitutional as denying to that court a portion of the jurisdiction given to it by the Contitution over criminal causes, inasmuch as such jurisdiction over felonies could not be constitutionally exercised without the aid of grand juries. To this proposition we fully assent. It was, however, further held, in the case cited, that this feature

of the statute there in question did not affect the legality of the court established, but that, if it were in conflict with the Constitution, it would have to give way and leave the court in the full possession of its constitutional functions. The same reasoning disposes of most of the provisions of this statute which are attacked as unconstitutional. If the Legislature did enough to bring into active existence a district court, it was at once clothed with the powers conferred by the Constitution upon such courts, and any attempts in the act to unduly limit those powers must be treated as futile. From this it follows that the provisions forbidding the court from taking cognizance of criminal matters and from impaneling juries in Delta County are as ineffectual to diminish the jurisdiction of this court, if it came into existence, as is the provision concerning grand juries."

The cases we have found which contain dicta expressing a view contrary to what we are holding herein are all cases involving the constitutionality of Acts of the Legislature creating *other* courts, and in each instance the jurisdiction of such other courts has been upheld. Harris County v. Stewart, 91 Texas, 133, 41 S. W., 650; Cockrell v. State, 85 Texas Crim. Rep., 326, 211 S. W., 939. In no instance has any court struck down the jurisdiction of a regular District Court because some other court was given some of the jurisdiction which pertained to the regular constitutional District Court. Certainly the One Hundred and Third District Court has the jurisdiction, and power to exercise same, given it by the Constitution. Therefore we have answered the question in the negative.