EX PARTE W. E. RICHARDS, ALBERT HUGHES AND M. A. HICKEY.

No. 7888. Decided October 29, 1941.

(155 S. W., 2d Series, 597.)

. *Sawnie B. Smith,* of Edinburg, and *Smith & Neilsen,* of Raymondville, for relators.

Since the Criminal District Court of Willacy County is a statutory and not a constitutional court, created by the Legislature, under the constitutional authority of Article 5, section 1, providing for the creation of such other courts as the Legislature may deem necessary and to prescribe the jurisdiction and organization thereof, and the act creating said court limits its jurisdiction, in civil matters, to causes for divorce between husband and wife and the adjudication of property rights in connection therewith, and to causes for the collection of delinquent taxes and the enforcement of liens in connection therewith, said court was without jurisdiction of a suit, whether it be an indepnedent action or one brought under the guise of a cross action in a tax suit, the sole purpose and object of which is to restrain a water control district from moving its office from one point to another. McCarty v. McCarty, 40 S. W. (2d) 165; Jones v. Soch, 277 S. W. 171; Reasonover v. Reasonover, 122 Texas 512, 58 S. W. (2d) 817.

*Crane & Glarner* and *Jesse G. Foster,* all of Raymondville, for respondents.

. The Criminal District Court of Willacy County is a constitutional district court of general jurisdiction and has all the jurisdiction and authority that the district courts created under the general law have, and it had the power to issue the injunction and to punish for its contempt. Whitener v. Belnap, 89 Texas 273, 34 S. W. 596; Turner v. Tucker, 113 Texas 434, 258 S. W. 149; Chambers v. Cannon, 62 Texas 293.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a habeas corpus proceeding. The question presented involves the power of the Criminal District Court of Willacy County, created by the 39th Legislature, Article 199, Section 28, Vernon's Annotated Civil Statutes, to punish for contempt for the violation of a temporary restraining order, issued by the court, growing out of a cross action filed in a suit pending in such court for the collection of delinquent taxes.

The Willacy County Water Control & Improvement District No. 1 filed a tax suit in the Criminal District Court of Willacy County, Texas, against Michael Nussbaum, Art Baughman, and others. This suit was for the collection of delinquent taxes due such district. The defendants in such suit filed an answer and cross action, consisting of a general demurrer, general denial, and by way of cross action against the plaintiff district and W. E. Richards, Albert Hughes, Ed Pinkston, and M. A. Hickey, four of the directors of said district, said defendants alleged in substance:

1. That said district was a quasi-municipal corporation, embracing approximately 125,000 acres of land in Willacy and Hidalgo counties, and having its present domicile and place of business in Raymondville, Willacy County.

2. That the four individual cross-defendants, together with Art Baughman, constitute the officers and directors of said district.

3. That the individual cross-defendants, over the protest of said Baughman, entered an order on August 18, 1941, whereby they proposed to "and will, unless stopped by orders of the Court," move the office and equipment from Raymondville to a site about twenty-five miles southwest of its present location.

4. That said district has now invested about $12,000.00 in

land and an office building, with fire-proof vault, etc., at the present location; said building being a substantial structure, with plenty of space to fully accommodate the employees as well as the taxpayers and the public generally; and in addition to· said main office building there are two sheet iron buildings, where trucks, cars, and other necessary equipment can be maintained, as well as a heavy iron fence, costing about $1,500.00, around the said buildings. That said present location is located on a paved highway, close to the town of Raymondville, and is the most centrally located site in said district, easily accessible to all of the taxpayers; and said buildings are sufficient for the storing of all records of said district, where they will be well protected from fire and theft, and from being lost and misplaced. That said building is equipped with adequate telephone and telegraph service.

5. That the proposed new location is wholly inadequate to accommodate the business of said district, in that the same has insufficient room, and that the district would be forced to build extensive new construction ot take care of the employees and furnish office space for them, and to provide safe keeping of the records and the housing of trucks, cars and other equipment, all of which would cost an enormous sum of money. That the defendants, who are taxpayers, will be forced to contribute to such waste of money, and the taxes which plaintiff is seeking to collect herein will be squandered. That, in addition, the district, will be forced to provide places for the accommodation of the employees, ·as well as the public, at an extra expense, which will have to be borne by said district. That these defendants and taxpayers will be forced to travel unnecessary long distances in getting to and from said office to transact business. That at said new location there is only a small frame house, about five miles from a concrete road, served by a very poor dirt road, practically impassable in bad weather.

6. That said district, through its said main officers, is now making immediate preparations to start moving said office and equipment, and that plaintiff and its said officers will accomplish the purpose and carry out the terms of said order unless the court temporarily restrains them.

Defendants prayed that the court restrain and enjoin said plaintiff and its said directors, pending a hearing herein, and that on hearing they be temporarily enjoined from putting into effect the order as passed on the 18th day of August, 1941.

Upon presentation of the answer and cross action to the judge of said court, said judge endorsed thereon an order reading in its pertinent parts as follows:

"The above and foregoing answer and cross action having been presented to and heard by the Judge of the Criminal District Court of Willacy County, Texas, at Chambers this 20th day of August, A. D. 1941, and it appearing to him from the facts therein stated that the applicant is entitled to a temporary restraining order that same is *within complainants, allegations* and prays that delay will not be injurious to either party and that justice may be subserved thereby and that the taxes involved in this law suit as well as numerous other tax suits pending may be adequately protected it is accordingly ordered that the Clerk of this Court issue a temporary restraining order operative until and pending the hearing below ordered restraining the plaintiff and its said four directors, to-wit: Albert Hughes, M. A. Hickey, Ed Pinkston and W. E. Richards from putting into effect or carrying out or attempting to in any way move the office and the equipment of said water district from its present location in the City of Raymondville to said proposed site the said Second Relift Pumping Plant upon the complainants executing in behalf of the plaintiff and said directors a bond," etc.

On August 23, 1941, Art Baughman, one of the defendants and cross-plaintiffs in the tax suit, filed an affidavit with the judge of the Criminal District Court of Willacy County, in which he recited to the court that on August 22, 1941, the directors had moved the equipment in violation of the court's order, and prayed that the directors be ordered to appear and show cause why they should not be held in contempt.

The court on August 29, 1941, issued an attachment and bench warrant, which recited that the court had issued its restraining order dated August 20, 1941, which was served on the same day, and returnable August 30, 1941, and that it had been shown to the court that the parties had on the night of August 22, 1941, moved the equipment, in disobedience to the court order, to a new location in Hidalgo County. In said attachment and bench warrant, among other things, it was recited: "The said injunction being issued out of this court for the purpose of conserving the assets of said District, and to prevent waste of such assets and squandering of certain taxes and delinquent taxes collected by said district, some

of which had been collected by suit through this court, and many of such suits for delinquent water taxes being still pending before this court, including the aforesaid numbered suit No. 1353, for final adjudication." It further provided that said relators should be arrested and brought before the court at 9 o'clock A. M., Saturday, August 30, 1941, "to answer and show cause, if any they have, why they should not be adjudged in contempt."

On the morning of August 30, 1941, upon application of relators, the Supreme Court took jurisdiction over this matter, and granted a writ of habeas corpus for each of said relators, who were released on the execution of bail in the sum of $500.00 each.

Upon the date set, August 30, 1941, any further proceedings in the contempt matter were passed, and the injunction hearing was recessed until Thursday, September 4, 1941. At said date the injunction was issued, but, in view of the fact that this Court had granted a writ of habeas corpus, it was the opinion of all parties involved in that hearing that the validity of said proceedings would be determined by this Court's action in this case.

Relators contend that the Criminal District Court of Willacy County is a court of limited jurisdiction, and that it did not have jurisdiction of the cross action or to issue the restraining order and punish the relators for contempt for violation thereof.

Section 1 of Article V of the Constitution of Texas contains the power for the creation of courts in Texas. Part of that section reads as follows:

"The legislature may establish such other courts as it may deem necessary, and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

The Act creating the Criminal District Court of Willacy County in part reads:

"Section 1. That there is hereby created and established for the Counties of Nueces, Kleberg, Willacy and Cameron a Criminal District Court, which shall have and exercise all of the

criminal jurisdiction now vested in and exercised by the district court of the 28th Judicial District of Texas and said Criminal District Court shall try and determine all causes for divorce between husband and wife. and adjudicate property rights in connection therewith in said counties, and try and determine all causes for the collection of delinquent taxes and the enforcement of liens for the collection of same. All appeals from the judgments of said court shall be to the Court of Criminal Appeals, except appeals in divorce cases and suits for the collection of delinquent taxes, which shall be to the Court of Civil Appeals, under the same rules and regulations as now or may hereafter be provided by law for the appeals in criminal cases from district courts."

The Act was subsequently amended by adding Kennedy County to such district.

1 The Legislature cannot deprive regularly created district courts of the jurisdiction specifically conferred on them by the Constitution. St. Louis, S. W. Ry. Co. v. Hall, 98 Texas 480, 85 S. W. 786; Jones et al v. Soch et al (Civ. App., writ refused), 277 S. W. 171; Reasonover v. Reasonover, 122 Texas 512, 58 S. W. (2d) 817.

2 By virtue of the provision embodied in Section 1 of Article V of the Constitution, above quoted, the Legislature created the Criminal District Court of Willacy County, and gave it jurisdiction of criminal cases, and certain civil cases specified in such act. We do not think the Legislature violated any provision of the Constitution in doing this. Jones et al v. Soch et al (Civ. App., writ refused), 277 S. W. 171; Cunningham v. Corpus Christi (Civ. App.), 260 S. W. 266; Reasonover v. Reasonover, 122 Texas 512, 58 S. W. (2d) 817.

It is contended that the Reasonover case sustains the contention that the Criminal District Court of Willacy County has jurisdiction of all matters given regular district courts by the Constitution. In that case this Court had before it the following question:

"Question: Did the Legislature have the power, in the Act establishing the Criminal District Court of Willacy County and the District Court of the One Hundred and Third Judicial District in said County, to withhold from the latter court jurisdiction of 'all causes for divorce between husband and wife

and adjudicate property rights in connection therewith in said counties,' and to confer exclusive jurisdiction of said causes upon the Criminal District Court of said County?"

This Court held in that case that the Legislature could not deprive the District Court of the One Hundred and Third Judicial District of the jurisdiction given it by the Constitution. It did not hold that the Legislature could not, by virtue of the provision of the Constitution above quoted, create courts of limited jurisdiction,—as was done in this instance.

3 It will be noted that jurisdiction was conferred upon the Criminal District Court of Willacy County to "try and determine all causes for the collection of delinquent taxes and the enfocement of liens for the collection of same." It is undisputed that that court had jurisdiction of suits brought for the collection of delinquent taxes and the enforcement of liens for the collection of same.

The controlling question here is whether the trial court had jurisdiction of the cross action. The original suit filed was for the collection of delinquent taxes due the district. Some three years after the original petition was filed, the answer and cross action were filed.

A careful reading of the cross action clearly shows that the principal object to be attained thereby was to prevent the removal of certain property belonging to the Water District from Raymondville to some other place within the district. Such cross action does not set up that the land was not in the boundaries of the district, or want of power to levy the tax, or that it was an arbitrary or unlawful assessment, or that the land is exempt from taxation (see 40 Tex. Jur., p. 252, sec. 182) ; nor did it set up the defenses to a tax suit prescribed in Article 7329, Vernon's Annotated Civil Statutes; nor does it meet the requirements of Article 2015 and 2017, relating to counterclaims and setoffs. In other words, it clearly appears to be an independent suit, filed for a purpose not connected with the enforcement of a suit for delinquent taxes, but for the sole purpose of preventing the directors of the district from removing certain property. We do not think the cross action was of such a nature that it would be authorized to be filed in a suit of this kind.

4 The Law having failed to confer upon the Criminal District Court of Willacy County jurisdiction of the matter con-

tained in the cross action, that court had no power to issue a restraining order based thereon. Consequently, the trial court did not have authority to punish relators for violating such void order. Therefore relators are discharged.

Opinion delivered October 29, 1941.