

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

March 20, 1947

Hon. William N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-94

Re: The matter of juris-
diction over felony
cases of the District
Courts of Bexar County.

Your letter requesting an opinion involving the above titled
subject matter contains the following:

"1. Opinion is hereby requested as to whether
Sections 1 and 3 of the Acts of 1939, 46th Legis-
lature, P. 168, Sec. 1, (Vernon's Ann. Civ.
Statute, Title 8, Art. 199) (Vol. 1, p. 163 of
the pocket part) is in conflict with Art. 5,
Sec. 8 of the Texas Constitution insofar as the
above cited statute conflicts with Acts of 1935,
44th Leg., p. 498, Chap. 209, (Vernon's Ann.
C.C.P., Title 2, Art. 52-161) and whether such
conflict repeals the Act of 1935 above cited; ***.

"2. In view of the above cited section of
the Constitution and decided cases construing
that section of the Constitution, is that portion
of the 1939 Act, above cited, (which is in con-
flict with Acts of 1935 above cited, and which
therefore by virtue of Sec. 3 of the Acts of 1939,
repeals Acts of 1935), unconstitutional? If so,
does the 1935 act still stand and allow free
transferability of criminal cases within the dis-
cretion of the Judge of the Criminal District Court
of Bexar County.

"3. The foregoing question is posed in view of
the fact that the said Criminal District Court of
Bexar County is a specially created Court with
limited powers, assuming that the Act of 1935 is
repealed by the Act of 1939, and that the Act of
1939 is constitutional, does the Criminal District
Court of Bexar County have the power to transfer
criminal cases to the District Court sitting as
District Courts of their own particular districts?
If this question is answered in the negative, can
two or more District Judges of the administrative

district try criminal cases simultaneously with
the Criminal District Judge of Bexar County in
aid of said Criminal District Court?"

We shall consider your questions in the order presented,
numbering our replies thereto in the same order.

(1)  House Bill No. 362, Chapter 9, of the General Laws
of the 46th Legislature, provides:

"The District Courts of the 37th, 45th, 57th, and
73rd Judicial Districts shall have concurrent juris-
diction throughout and co-extensive with the ter-
ritorial limits of Bexar County of all civil matters
of which jurisdiction is given to the District
Courts by the Constitution and laws of the State
in all civil cases, proceedings and matters of which
the District Courts are given jurisdiction by the
Constitution and laws of the State. None of said
four (4) District Courts shall have or exercise
any criminal jurisdiction in Bexar County."
(Emphasis ours.)

This last provision (underscored) is clearly unconstitu-
tional and void.  There is no severability clause in the Bill
and it is apparent that the last sentence contained the main
purpose of the Bill.   Therefore, the whole Act is unconstitu-
tional.

Section 8 of Article V of the Constitution, first sen-
tence thereof, declares:

"The District Courts shall have original juris-
diction in all criminal cases of the grade of felony."

The Bill cannot stand as the law in the face of this Con-
stitutional language.

In Castro v. State, 60 S.W. (2d) 211, presiding Judge
Morrow in overruling the application to file a second motion
for rehearing, said:

"The conceded power of the Legislature to
create other courts having jurisdiction in crim-
inal cases of the grade of felony has not been con-
strued to strip the district courts created under
the Constitution of the inherent jurisdiction to
try cases of the grade of felony. Throwing some
light upon the subject is the case of Hull v. State,
50 Tex. Cr. R. 607, 100 S.W. 403.

"From the case of Ex parte Coombs, 38 Tex. Cr. R. 643, 663, 44 S.W. 854, 861, the following quotation is taken:  'Wherever the constitution vests judicial power, it must so remain, and the legislature has no right to invade it or suspend it, unless express authority is given in that instrument.  The legislature has no authority to change the organization of the judicial system, nor can that body, under the guise of creating "other courts", divest the district court or the justices of the peace courts of their constitutional jurisdiction.'"

In Reasonover v. Reasonover, 58 S.W. (2d) 817, Justice Pierson of the Supreme Court, said:

"The Legislature cannot take away from a district court jurisdiction given it by the Constitution.  Jones et al v. Soch et al (Tex. Civ. App.) 277 S.W. 171 (writ refused);  St. Louis S.W. Ry. Co. v. Hall, 98 Tex. 480, 85 S.W. 786, 788;  11 Tex. Jurisprudence, § 5, pp. 706, 707, 708."

These holdings are but the pronouncement of well-established principles of constitutional law.

Since the act is void in the respect pointed out, it follows that it does not operate to repeal any prior act of the Legislature whatever.  Being a nullity, it has no force or legal effect whatever.

(2)  What we have said above is applicable alike to your second inquiry.  The 1935 Act therefore still stands and operates precisely the same as if the 1939 Act had never been passed.

(3)  In view of what we have said as to the validity of the 1939 Act, it becomes unnecessary for us to answer your third question.

## SUMMARY

1.  Chapter 9, House Bill No. 362 of the Regular Session of the 46 th Legislature (1939) attempting to deprive the 37th, 45th, 57th, and 73rd Judicial District Courts of all criminal jurisdiction in Bexar County, is void as being in violation of Article V, Section 8 of the Constitution.

2.  Since the act of 1939 is void, it does not operate to repeal any prior law and the act of 1935

affecting the same subject matter - the jurisdiction of the respective District Courts of Bexar County - stands as the law governing the transferability of criminal cases in the District Court of Bexar County.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/ Ocie Speer
        Ocie Speer
        Assistant

APPROVED MAR 26, 1947
s/Price Daniel
ATTORNEY GENERAL OF TEXAS

OS:acm:wb:wc