**Ex parte Clyde J. MITCHELL.**

**No. 9047.**

Court of Appeals of Texas, Texarkana.

Feb. 2, 1982.

**500**

Donald W. Dowd, Lovelace & Thompson, Atlanta, for appellant.

Patricia Florence, Florence, Florence & Woodson, Hughes Springs, for appellee.

PER CURIAM.

Clyde Mitchell instituted an original Habeas Corpus Proceeding in which he seeks release from a contempt commitment issued by the court in his divorce case. The issue before us is whether the order holding Mitchell in contempt is void. We hold that it is and order Mitchell discharged.

In order for Clyde Mitchell to be entitled to relief from a contempt commitment, he must show that the commitment, or the order on which it is based, is void. *Ex parte White*, 154 Tex. 126, 274 S.W.2d 542 (1955). A court has no power to punish by contempt a failure to obey a void order, or an order the court is without power to make. *Ex parte Renfro*, 115 Tex. 82, 273 S.W. 813 (1925); 13 Tex.Jur.3d, *Contempt* § 15 (1981). We now turn to the order which the trial court enforced by contempt.

Mitchell was found guilty of violations of a March 1, 1981, order directing parties in domestic proceedings not to injure, mistreat, molest or harass the adverse party, or attempt any of these things. Maryann Mitchell filed for a divorce against her husband on April 30, 1981. On July 12, 1981, Clyde Mitchell was served a copy of the divorce petition. On November 19, 1981, he was served a copy of a first amended divorce petition, motion for contempt, and an order directing him to appear November 20, 1981, and show cause why he should not be held in contempt. After he did not appear the court proceeded to hear the cause and found Mitchell in contempt of its order because he demolished his wife's automobile and physically injured her.

The official transcript does not show that Mitchell was accorded even minimal due process. The record reveals that the March 1, 1981, order was issued before any petition for divorce was filed against Clyde Mitchell. The record does not show that he was ever served with a restraining order. The record does not show that the order of the court was issued after notice to him. The record does not show that the order was issued upon specific facts shown by affidavit or verified complaint.[1] We grant a writ of habeas corpus because the court had no authority to issue the order and because there is no showing that Mitchell had notice of the order. *Ex parte Richards*, 137 Tex. 520, 155 S.W.2d 597 (1941); *Herring v. Houston Nat. Exch. Bank*, 113 Tex. 337, 255 S.W. 1097 (1923).

Clyde Mitchell, relator, is ordered discharged.

---

1. The requirements of Tex.R.Civ.P. 680 et seq., govern the issuance of this order. Now, in a case of this type a court may, on its own motion, issue a temporary restraining order or temporary injunction *without the necessity of* an affidavit or verified pleading. Tex.Fam. Code Ann. § 3.58 (Vernon 1982).