Carlos Aleman MATA, Appellant,

v.

The STATE of Texas, Appellee.

No. 028–84.

Court of Criminal Appeals of Texas, En Banc.

May 2, 1984.

**120**

Juan Martinez Gonzales, Beeville, for appellant.

Thomas L. Bridges, Dist. Atty. and John Gilmore, Asst. Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

---

1. The transcription of the court reporter's notes is certified to by the official court reporter of

## ON REFUSAL OF APPELLANT'S PETITION FOR PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of the offense of unlawful possession of a firearm by a felon. His punishment was assessed by the jury at three years' imprisonment. On appeal his conviction was affirmed in an unpublished opinion by a panel of the Corpus Christi Court of Appeals. That court, inter alia, rejected appellant's contention his conviction was null and void since it was rendered in the 156th District Court, and that court did not have criminal jurisdiction. Article 199, § 156, V.A.C.S. The Court of Appeals acknowledged the said statute provided the 156th District Court shall have only civil jurisdiction, but added, "We note, however, that the record clearly reflected that appellant was convicted in the 36th District Court, which has no statutory prohibition against criminal jurisdiction."

In his petition for discretionary review appellant continues to urge that the 156th District Court did not have criminal jurisdiction and that his conviction is null and void. He does not respond to the Court of Appeals' observation that the record shows the conviction was had in the 36th District court except that he calls attention to the title pages to the transcription of the court reporter's notes reflecting the trial judge was the "Honorable Rachel Littlejohn, Judge, 156th Judicial District, Beeville, Texas 78102." [1]

Appellant does argue that if Judge Littlejohn presided over the trial in the 36th District Court there is nothing to show that she was selected as Special Judge of the 36th District Court or took an oath as a Special Judge as required by Article 30.04 and 30.05, V.A.C.C.P., and therefore, his conviction is null and void.

It is observed that Article 199, § 156, Subsection 5, provides in part:

the 156th Judicial District Court.

"Sec. 5. The Judge of the 36th District Court or the Judge of the 156th District Court may hear and dispose of any suit or other proceeding on the docket of either of said District Courts of the county in which the action or proceeding is instituted, without the necessity of transferring the suit or proceeding from one (1) court to the other; ...."

Further, Article V, § 11, Texas Constitution, provides:

"And the district judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law."

See also Article 1916, V.A.C.S.; 33 Tex. Jur.2d, Judges, § 102, p. 479; *Randel v. State*, 153 Tex.Cr.R. 282, 219 S.W.2d 689 (1949); *Pendleton v. State*, 434 S.W.2d 694 (Tex.Cr.App.1968). *Floyd v. State*, 488 S.W.2d 830 (Tex.Cr.App.1972); *Peach v. State*, 498 S.W.2d 192 (Tex.Cr.App.1973). See also *Joines v. State*, 482 S.W.2d 205, 208 (Tex.Cr.App.1972); *Balderas v. State*, 497 S.W.2d 298 (Tex.Cr.App.1973).

And it is not necessary that either the docket sheet or the minutes state a reason for exchange of benches by district judges, and a formal order need not be entered. *Pendleton v. State*, supra.

More importantly, the 156th District Court has criminal jurisdiction. Thus, if as appellant claims, the trial was conducted in the 156th District Court, there was no error.

Article V, § 8, Texas Constitution, establishes the constitutional jurisdiction of a district court giving it jurisdiction over both civil and criminal cases. As pointed out in *Reasonover v. Reasonover*, 58 S.W.2d 817 (Tex.1933), the Legislature cannot by statute take away from a district court jurisdiction given it by the State Constitution. Citing *Reasonover*, the Supreme Court of Texas reached the same result in *Lord v. Clayton*, 352 S.W.2d 718 (Tex.

1961). See also *Ex parte Richards*, 155 S.W.2d 597 (Tex.1941); *Mitchell v. Cornwall*, 314 S.W.2d 437 (Tex.Civ.App.—El Paso—1958); *Jones v. State*, 277 S.W. 171 (Tex.Civ.App.—San Antonio—1925). See Texas Tech. Law Review, Vol. 9, p. 80. In *Ward v. State*, 523 S.W.2d 681 (Tex.Cr. App.1975), this court held that each district court has criminal jurisdiction. Cf. *Zamora v. State*, 508 S.W.2d 819 (Tex.Cr.App. 1974). Thus, while the Legislature may create a district court and by statute provide it shall have only civil jurisdiction, it cannot legally deprive the court of criminal jurisdiction given by the State Constitution[2] and vice versa.

Appellant's petition for discretionary review is refused.

---

**2.** See Attorney General Opinion V–94 (March 20, 1947) and cases there cited. There House Bill No. 362, Chapt. 9 of the General Laws of the 46th Legislature was held unconstitutional when it provided, "None of the said four (4) District Courts (37th, 45th, 57th and 73rd) shall have or exercise any criminal jurisdiction in Bexar County." Said opinion cites *Castro v. State*, 60 S.W.2d 211 (Tex.Cr.App.1933), and *Hull v. State*, 100 S.W. 403 (Tex.Cr.App.1907).