

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 20, 1993

Ms. LaVonne Garland
Interim Director
Texas Board of Architectural Examiners
8213 Shoal Creek Boulevard, Suite 107
Austin, Texas 78758-7589

Opinion No. DM-277

Re: Whether complaints under V.T.C.S. article 249a, section 13, may be tried in justice courts as class C misdemeanors (RQ-215)

Dear Ms. Garland:

Your predecessor requested our opinion concerning the effect of the 1991 amendment to section 12.23 of the Penal Code upon V.T.C.S. article 249a, section 13. The 1991 amendment to section 12.23 raised the maximum fine for a class C misdemeanor from $200 to $500.[1] Section 13 defines the unauthorized practice of architecture as a misdemeanor punishable by a fine ranging from $250 to $1,000.[2]

Your predecessor asked:

> Pursuant to [the 1991 amendment] increasing the fine amounts for Class C misdemeanors to Five Hundred Dollars ($500.00), may complaints filed under Article 249a, Texas Revised Civil Statutes Annotated, regarding non-registrant violations be tried in Justice Courts as Class C misdemeanors?

There are two parts to this question: (1) may complaints filed under article 249a be tried as class C misdemeanors? and (2) may complaints under article 249a be filed and tried in justice court?

We apply the following considerations in answering the first part of the question. Section 1.03 of the Penal Code provides in part: "[T]he punishment affixed to an offense

---

[1] Penal Code section 12.23 now reads: "An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500."

[2] Section 13 of article 249a, V.T.C.S., provides in part: "(a) If any person . . . shall, for a fee or other direct compensation, pursue the practice of the profession of architecture in this State as herein defined, . . . without first having complied with the provisions of this Act, such person shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than Two Hundred Fifty Dollars ($250.00) and not more than One Thousand Dollars ($1,000.00) for each offense."

defined outside this code shall be applicable unless the punishment is classified in accordance with this code." Penal Code § 1.03(b). The offense defined in section 13 is not an offense defined in the Penal Code. Furthermore, article 249a does not classify a violation of section 13 as a class C misdemeanor.

For the foregoing reasons, we conclude that the class C misdemeanor fine limitation set forth in section 12.23 of the Penal Code has no bearing on the range of fines established in section 13 of article 249a, V.T.C.S. Violations of article 249a, section 13, may not be tried as class C misdemeanors.

Regarding the second part of the question, the Texas Constitution grants jurisdiction to the justice courts as follows:

> Sec. 19. Justice of the peace courts shall have *original jurisdiction in criminal matters of misdemeanor cases punishable by fine only*, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law. . . .

Tex. Const. art. V, § 19 (emphasis added). The punishment provided in article 249a, section 13, is a fine only. Therefore, it appears that the justice court has original jurisdiction of violations of article 249a, section 13, by virtue of section 19 of article V of the constitution.

On the other hand, article 4.11 of the Code of Criminal Procedure purports to establish the following monetary limitation on the criminal jurisdiction of the justice courts: "Justices of the peace shall have jurisdiction in criminal cases where the fine to be imposed may not exceed five hundred dollars." Unlike the constitutional provision, article 4.11 does not expressly limit justice-court jurisdiction to criminal cases punishable "by fine only" and therefore might be construed literally as a *grant* of additional jurisdiction of criminal cases punishable by fine and some other penalty rather than as a *limitation* on the justice court's constitutional, fine-only jurisdiction. Nevertheless, the provision's statutory predecessor, which also lacked such an express limitation, was construed in the case of *Ex parte Morris*, 325 S.W.2d 386, 388 (Tex. Crim. App. 1959), as impliedly incorporating the fine-only jurisdictional limitation by its codification from an even earlier statute, which did contain the express limitation. *Accord Ex parte Howard*, 347 S.W.2d 721 (Tex. Crim. App. 1961). We therefore construe the current article 4.11 as a purported statutory limitation of jurisdiction to criminal cases punishable by a fine only in the the maximum amount of $500 or less. This construction of article 4.11, contrary to the constitutional grant of jurisdiction, would deny the justice courts jurisdiction over prosecutions under article 249a, section 13, because the fine under section 13 may exceed $500.

The inconsistency between section 19 of article V of the Texas Constitution and article 4.11 of the Code of Criminal Procedure arose in 1985, when the constitutional provision was amended. *See* S.J.R. 14, Acts 1985, 69th Leg., § 7, at 3359. Before the constitutional amendment, both provisions contained a $200 limitation on the criminal jurisdiction of the justice courts. *Compare* Tex. Const. art. V, § 19, *as amended by* H.J.R. 37, Acts 1977, 65th Leg., § 1, at 3372 (prior version of article V, section 19: "Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars") *with* Acts 1965, 59th Leg., ch. 722, § 1, at 331 (prior version of article 4.11: "Justices of the peace shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed two hundred dollars"); *cf.* S.J.R. 14, Acts 1985, 69th Leg., § 7, at 3359 (limitation struck out in resolution to amend constitution). Article 4.11 was amended to its current form in 1991. *See* Acts 1991, 72d Leg., ch. 108, § 4.[3] We have found nothing in the legislative history of the 1991 amendment to shed light on the legislative intent, if any, in regard to the conflict between the statute and the constitutional provision.

After due consideration, we conclude that the $500 limitation in article 4.11 of the Code of Criminal Procedure is unconstitutional because it would deprive the justice courts of some of their jurisdiction. This conclusion is based on the principle that the legislature can add to, but it cannot take away from, the jurisdiction granted to the district courts and inferior courts in the constitution.

This principle has been applied in several cases involving the jurisdiction of the district courts. Thus, in *Reasonover v. Reasonover*, 58 S.W.2d 817 (Tex. 1933), the court held unconstitutional a statute that purported to withhold from a certain district court jurisdiction of all causes for divorce and adjudication of property rights related thereto and to confer exclusive jurisdiction of those causes to a criminal district court. The supreme court decided that the statutory attempt to oust the district court of such jurisdiction violated section 8 of article V of the constitution, which granted the district court "original jurisdiction 'of all cases of divorce.'" *Id.* at 818 (quoting Tex. Const. art. V, § 8 (1891)). The court noted the language in the 1891 amendment to section 1 of article V of the constitution, providing that the legislature "'may conform the jurisdiction of the district and other inferior courts []to'" the jurisdiction prescribed for other courts that it establishes, *id.*, and construed the provision to mean that the legislature could make the district court's jurisdiction *concurrent* with that of any statutory court but could not deprive the district court of its constitutional jurisdiction:

---

[3]House Bill 407 of the 72d Legislature, which amended article 4.11, also amended, *inter alia*, section 12.23 of the Penal Code to increase the class C misdemeanor fine maximum from $200 to $500. Acts 1991, 72d Leg., ch. 108, § 1, at 681.

> The amendment to section 1, article 5, adopted in 1891, does not purport to take away from the district court, or to authorize the Legislature to take away from it, its constitutional jurisdiction. It does authorize the Legislature to take from it the exclusive nature of its jurisdiction over the subjects mentioned in section 8, article 5, and permits the Legislature to give jurisdiction over them also to other courts.

*Id.* at 819; *see Lord v. Clayton*, 352 S.W.2d 718, 721-22 (Tex. 1962) (adhering to *Reasonover* holding); *see also Jordan v. Crudgington*, 231 S.W.2d 641, 643 (Tex. 1950) (observing that statute creating court of domestic relations did "not undertake to divest any court of its constitutional jurisdiction and vest same exclusively in the court of domestic relations").

The holding of *Reasonover* applies with equal force to the justice courts because section 1 of article V of the constitution applies by its express terms to courts inferior to the district court. That provision still reads, in pertinent part: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district *and other inferior courts* thereto." Tex. Const. art. V, § 1 (emphasis added).

In Attorney General Opinion JM-1089 (1989), we decided that the 1985 amendment to section 19 of article V of the constitution controlled over the $200 jurisdictional limitation then contained in article 4.11 of the Code of Criminal Procedure. We also decided in that opinion that the constitutional amendment's "provision for justice court jurisdiction over 'misdemeanor cases punishable by fine only' does not require further legislative action to be given effect." Attorney General Opinion JM-1089 at 2. We here reaffirm that opinion[4] and add that the 1991 amendment to article 4.11 is unconstitutional and void to the extent it purports to increase the limitation to $500.[5] Therefore, we conclude that complaints under article 249a may be filed and tried in justice court.

---

[4] In Letter Opinion No. 92-23 (1992) this office contradicted the holding of Attorney General Opinion JM-1089 that the provision of justice court jurisdiction of "misdemeanor cases punishable by fine only" contained in section 19 of article V is self-enacting. Letter Opinion No. 92-23 is overruled.

[5] Lest there be confusion, we emphasize that this opinion has no application to the jurisdiction of the courts over class A, B, and C misdemeanors as those offenses are defined, respectively, in Penal Code sections 12.21 through 12.23. Regardless of whether or not the $500 limitation in article 4.11 of the Code of Criminal Procedure is valid, the justice courts have jurisdiction, Tex. Const. art. V, § 19, over class C misdemeanors because those offenses are punishable only by a fine of a maximum amount not exceeding $500. Penal Code § 12.23. Class A and B misdemeanors are punishable by fine or confinement in jail, or both (that is, not by fine only). *Id.* §§ 12.21 - .22.

# S U M M A R Y

The $500 maximum fine limitation for class C misdemeanors set forth in section 12.23 of the Penal Code does not apply to the misdemeanor of unauthorized practice of architecture defined in V.T.C.S. article 249a, section 13, which sets punishment as a fine ranging from $250 to $1,000. The $500 limitation on the criminal jurisdiction of justice courts contained in article 4.11 of the Code of Criminal Procedure is void for violation of section 19 of article V of the Texas Constitution, which contains no maximum limit on that court's jurisdiction over fine-only misdemeanors. Article V, section 19, does not require legislative implementation; therefore, complaints under article 249a may be filed and tried in justice court. Letter Opinion No. 92-23 (1992) is overruled.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

JORGE VEGA
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General