In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00445-CV

_____

AUNDRE JAMES SIMIEN SR., Appellant

V.

TANIKA MICHELLE SIMIEN-RIDEAU, Appellee

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-215,371

MEMORANDUM OPINION

This divorce originated in the 317th District Court. Appellant, Aundre James

Simien, Sr. appeals a final judgment entered in the case by the presiding judge of the

136th District Court.[1] In three issues, Aundre argues that the trial court that entered

_____

[1] We note at the outset that both the 136th and the 317th Judicial Districts are located in Jefferson County. Tex. Gov't Code Ann. §§ 24.238(a), 24.625 (West 2004). Although the final judgment and post-trial pleadings identify the 136th District Court in their respective captions, the record from the Jefferson County District Clerk's office indicates that the case remained docketed in the 317th District Court through the time of appeal.

1

the divorce decree lacked jurisdiction to do so and complains about provisions in the decree that provide for the division of the community estate. For the reasons set forth below, we affirm the trial court's judgment.

## Jurisdiction

This case was originally filed in the 317th District Court and was called to trial before an associate judge sitting in that court. Aundre objected to the associate judge hearing the case, and the case was then "assigned to Judge Milton Gunn Shuffield to preside."[2] The final hearing was continued to allow the parties to prepare a joint inventory. Following the continuance, Judge Shuffield called the case to trial and heard evidence over the course of several days, and thereafter, signed and entered a Final Decree of Divorce. The record contains no indication that Aundre objected to the assignment of Judge Shuffield to hear the case or enter orders at the time of assignment, before or during the trial on the merits, at the hearing on Tanika's request to enter a final order, or in his Motion for New Trial.

In his first issue on appeal, Aundre argues that the 136th District Court did not have jurisdiction to enter any divorce decree or custody order because there was no motion or order to transfer the case into that court from the 317th District Court.

---

[2] The Honorable Milton Shuffield was the presiding judge of the 136th District Court at the time of the assignment.

The Texas Constitution expressly permits District Judges to "exchange districts, or hold courts for each other when they may deem it expedient[.]" Tex. Const. art. V, § 11. The Texas Government Code also provides district judges wide discretion to temporarily exchange benches with the judge of another district court in the county, hear and determine matters pending in other district courts within the county, and transfer civil or criminal cases to the docket of another district court within the same county. *See* Tex. Gov't Code Ann. § 24.003 (West Supp. 2016).

Aundre argues that "[t]he exclusive transfer provisions provided in . . . section 155.202 [of the Texas Family Code] negate the ability to transfer cases freely between District Courts and [sic] the same county." Aundre's reliance on section 155.202 under the facts of this case is misplaced, however, as that subchapter applies specifically to proceedings in which one trial court has acquired continuing, exclusive jurisdiction over a matter as a result of the rendition of a final order pertaining to a child, and a party seeks to initiate or transfer subsequent proceedings relating to that child in or to a different court. *See* Tex. Fam. Code Ann. § 155.001(a), (c) (West Supp. 2016). The cases Aundre cites in support of his argument are also inapplicable, as both cases involve transfers of suits from courts that had acquired continuing, exclusive jurisdiction over the respective matters. *See Alexander v. Russell,* 699 S.W.2d 209, 210 (Tex. 1985) (holding that jurisdiction could not be

3

transferred from the court that originally established conservatorship of a child to another district court without a proper motion and transfer order); *Kirby v. Chapman,* 917 S.W.2d 902, 907–08 (Tex. App.—Fort Worth 1996, no writ) (finding that a district court lacked subject matter jurisdiction to modify the custody order of another district court that had acquired continuing, exclusive jurisdiction over the matter).

In this case, there was no transfer of the proceedings from the 317th District Court to the 136th District Court; rather, there was an assignment for Judge Shuffield to preside, as explicitly permitted by section 24.003 of the Texas Government Code irrespective of Chapter 155 of the Texas Family Code. *See* Tex. Gov't Code Ann. § 24.003(b)(2). Moreover, even if the proceedings were deemed "transferred," no court had acquired continuing, exclusive jurisdiction over the matter prior to entry of a final order. *See* Tex. Fam. Code § 155.001(a). Therefore, the assignment of Judge Shuffield to preside over the matter was not subject to the procedures for transfer of suits affecting the parent-child relationship set forth in Chapter 155. *See* Tex. Fam. Code Ann. § 155.204 (West 2014).

Aundre also cites section 74.053(a) of the Texas Government Code in support of his assertion that a written notice or order was required to properly convey jurisdiction. This reliance is likewise misplaced, because "[w]hen judges exchange

districts or hold court for each other, [s]ection 74.053 of the Government Code does not apply." *Gonzalez v. Ables*, 945 S.W.2d 253, 254 (Tex. App.—San Antonio 1997, orig. proceeding). Further, nothing in section 24.003 of the Government Code or article V, section 11 of the Texas Constitution requires a written order or explanation for an exchange of benches by district judges. *See Mata v. State*, 669 S.W.2d 119, 121 (Tex. Crim. App. 1984). Accordingly, we overrule Aundre's first issue.

## Property Division

In his second issue, Aundre argues that the trial court abused its discretion by awarding Tanika a disproportionate division of the community estate. Specifically, Aundre contends that the trial court awarded Tanika sixty percent of the community property and that "[n]o conceivable explanation justifies this disproportionate division."

The Texas Family Code provides that in divorce cases, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code Ann. § 7.001 (West 2006). We review a trial court's division of marital property under an abuse of discretion standard, and "indulge every reasonable presumption in favor of the proper exercise of discretion." *Massey v. Massey,* 807 S.W.2d 391, 398 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

"The party attacking the property division bears the heavy burden of showing that the trial court's property division was not just and right." *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied). Thus, it is Aundre's burden to show not only that "an inequality in the division of the community property was manifestly unjust . . . but also that such inequality is of such substantial proportions that it constitutes an abuse of the trial court's discretion." *King v. King*, 661 S.W.2d 252, 255 (Tex. App.—Houston [1st Dist.] 1983, no writ).

The record before us indicates that the parties prepared and submitted a joint inventory that the trial court used in its division of the marital estate; however, the inventory was not admitted as an exhibit at trial and does not otherwise appear in the appellate record. The record from the trial on the merits does contain some testimony from Aundre and Tanika about their respective valuations of some items of community property, such as the marital home and retirement accounts; however, neither the record nor Aundre's brief provide the overall value of the marital estate or the relative value of the community property awarded to each party. Based on the record before us, we are unable to conclude that the property division was disproportionate, much less so disproportionate as to constitute an abuse of the trial court's discretion. We hold that Aundre has not met his burden on this issue. *See*

6

*Levesque v. Levesque*, No. 04-05-00146-CV, 2006 WL 47044, at *2 (Tex. App.—San Antonio Jan. 11, 2006, no pet.) (mem. op.).

**Motion for New Trial**

In his final issue on appeal, Aundre complains that the trial court abused its discretion by denying his motion for new trial based on the sufficiency of the evidence to support what Aundre characterizes as a disproportionate property division. Like legal and factual sufficiency of evidence, we review a trial court's denial of a motion for new trial for abuse of discretion. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

As discussed above, we find that Aundre has failed to meet his burden to show that the trial court's division of the marital estate was manifestly unjust. *See King*, 661 S.W.2d at 255. Therefore, we find that the trial court did not abuse its discretion by denying Aundre's motion for new trial on that basis. *See Hinkle v. Hinkle*, 223 S.W.3d 773, 783 (Tex. App.—Dallas 2007, no pet.).

Having overruled all of Aundre's issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 15, 2016
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.