Barbara Cornwall MITCHELL, joined pro forma by her husband, Edwin A. Mitchell, Appellants,

v.

W. T. CORNWALL, Jr., Appellee.

No. 5267.

Court of Civil Appeals of Texas.

El Paso.

May 29, 1958.

Rehearing Denied June 18, 1958.

Doyle H. Gaither, El Paso, for appellants.

Thornton Hardie, El Paso, for appellee.

HAMILTON, Chief Justice.

This is an appeal from the order of the court below dismissing the petition and motion for bill of review, filed by Barbara Cornwall Mitchell and husband, Edwin A. Mitchell, hereinafter referred to as "appellant", seeking to set aside as void an order of the 65th District Court entered on February 25, 1956, changing custody of a minor child.

It appears that appellant, Barbara Cornwall Mitchell, and appellee, W. T. Cornwall, Jr., were divorced on September 29, 1955, by a judgment entered by the 65th District Court in the case styled "Barbara W. Cornwall, Plaintiff, v. W. T. Cornwall, Jr., Defendant", numbered 82,717 on the docket of said court. Appellant was awarded custody of the three minor children of appellant and appellee, to-wit, Cathleen Helene Cornwall, aged 5; Martha Deanise Cornwall, aged 3; and Carla Cecelia Cornwall, aged 1. Thereafter, on February 25, 1956, after the term of court in which such divorce was awarded had ended, the court, on joint petition of appellant and appellee, entered an order modifying the previous order entered, to the effect that the child, Cathleen Helene Cornwall, be awarded to Mr. and Mrs. Carl W. Jones, of Mesilla Park, New Mexico, subject to the right of visitation at all reasonable times in appellant and appellee. This is the order that appellant seeks to have set aside by bill of review.

Appellant makes three points on her appeal: First, an application to change custody of a minor child is a new and independent suit; second, Art. 2338-1, Vernon's Ann.Civ.St., confers exclusive jurisdiction in custody suits upon the 34th Judicial District Court in El Paso County, Texas; third, jurisdiction of the subject matter, i. e., child custody, is conferred by law, and cannot be conferred by agreement.

We agree with the appellant that the court which tries a divorce case and awards custody of the child or children does not retain continuing jurisdiction for the purpose of awarding custody, and that any suit filed seeking to change such custody is a new suit, and we so treat the procedure which resulted in change of custody in the instant suit. Appellee does not argue this point, and we think further discussion of it is unnecessary. Ex parte Garcia, Tex.Civ.App. San Antonio, 187 S.W. 410 (wr. ref.). We cannot agree, however, with appellant in her contention that Art. 2338-1, V.A.C.S., confers exclusive jurisdiction in custody suits upon the 34th Judicial District Court of El Paso County, Texas. Sec. 4 of said Article, both as originally passed and as amended in 1951, and again in 1953, contains the following language:

"In all counties having two or more district courts, or one or more district courts and one or more criminal district courts, wherein a district court or criminal district court is designated as the juvenile court of said county, in addition to cases of juvenile delinquency, all new cases of dependency, neglect, support, child custody, and adoption shall henceforth be filed in the juvenile court of such counties; provided, however, that nothing herein contained shall prevent the transfer of such cases to other courts having jurisdiction thereof under existing laws * * *.

"The jurisdiction, powers, and duties thus conferred upon the established courts hereunder are super-added jurisdictions, powers, and duties; it being the intention of the Legislature not to create hereby any additional offices."

It is admitted that, El Paso County having more than two district courts and having one court, to-wit, the 34th District Court, which has been designated as the juvenile court, is covered by this section of said Article.

Section 8 of Article V of our Texas Constitution, Vernon's Ann.St., provides as follows:

"Sec. 8. The District Court shall have original jurisdiction * * * of contested elections, and said court and the judges thereof, shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction.

"* * * and original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law."

It has been held, in the case of Legate v. Legate, 87 Tex. 248, 28 S.W. 281, by the Supreme Court of Texas, after the adoption of the present Constitution, that said Section 8 of Article V does include jurisdiction to determine custody of minor children. Of course, constitutional jurisdiction of a district court cannot be taken away by any legislative act. However we think, on careful reading of said Section 4, that there was no intention on the part of the Legislature to attempt to take away any jurisdiction from the other district courts. At most, Section 4 of Article 2338–1, V.A. C.S., providing in effect that child custody cases shall be filed in the juvenile court of El Paso County which, in this instance, is the 34th District Court, is a matter of procedure. Certainly the 65th District Court had jurisdiction of the subject matter by virtue of the above constitutional provision, and, since both the appellant, Barbara Cornwall Mitchell, and appellee, W. T. Cornwall, Jr., filed a joint petition in said court requesting the change of custody of the minor child, they subjected themselves to the jurisdiction of the said court and waived any requirement that the cause be filed in the juvenile court, being the 34th District Court. Therefore, the judgment entered therein was legal and binding.

We do not agree with appellant that the case of Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598, 600, by the Supreme Court, supports her position that the 65th District Court did not have jurisdiction to try the matter. We rather think that that case supports our holding in this matter. It is said therein:

"Jurisdiction of courts consists of two fundamental classifications,—jurisdiction of the subject matter, and jurisdiction of the person. Jurisdiction of the subject matter exists by operation of law only, and cannot be conferred upon any court by consent or waiver. On the other hand, jurisdiction of the person can be conferred by consent or waiver, 11 Tex.Jur. p. 714 et seq., §§ 11 and 12, and authorities there cited. It follows that if the District Court of Stephens County, Texas, did not have jurisdiction of the subject matter of this action, the agreement of the parties did not, and could not, operate to confer the same. To the contrary, if the District Court of Stephens County did have jurisdiction of such subject matter, the transfer of this cause thereto on agreement of the parties clothed such court with power and jurisdiction to try and decide it on its merits."

We think the situation in the instant case is analogous to the above case. Since the 65th District Court had jurisdiction of the subject matter, the parties, by filing their petition therein, clothed such court with power and jurisdiction to try and decide the matter of custody.

Appellant's third point is disposed of by our holding that the 65th District Court does have jurisdiction of the subject matter.

The judgment of the trial court is affirmed.