**Roy Y. MARTIN, Guardian of Johnnie Martin Pruett, Jr.**

v.

**The TEXAS YOUTH COUNCIL et al.**

**No. 11684.**

Court of Civil Appeals of Texas.

Austin.

June 11, 1969.

Rehearing Denied Oct. 8, 1969.

David L. Tisinger, Austin, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, J. C. Davis, Jack Sparks, Asst. Attys. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

The following petition for writ of habeas corpus was filed by appellant through his guardian, Roy Y. Martin:

" I.

Johnnie Martin Pruett, Jr., is a resident of Austin, Travis County, Texas, and has been heretofore adjudged a delinquent minor by this Court, and a copy of such proceedings is not yet available, but will be filed immediately.

II.

Petitioner is a fugitive from detention at the state institution in Gatesville, Texas.

III.

Petitioner is presently illegally confined and restrained in his liberty at City Jail, under Maj. Burch Biggerstaff and

Clinton Kersey of Texas Youth Council in the County of Travis, State of Texas, by reason of the fact that he has been incarcerated in Gatesville a sufficient length of time and is entitled to a modification of the judgment of commitment under Section 14 of Article 2338–1 of the Revised Civil Statutes of Texas, and this petition is filed not only for a Writ of Habeas Corpus but to request the re-opening of the case.

## IV.

Said Petitioner through his guardian is able to make proper bond and to assume proper financial responsibility for his acts. On Tuesday next he will be eighteen years of age and should not be returned to Gatesville.

## V.

The officer in charge of the minor at this time is under a duty under Section 11 of said Article 2338–1 to forthwith bring Petitioner before the Court, and said officer has refused so to do."

With respect thereto, the court entered the following judgment:

"On the 7th day of February, 1969, was presented to the Court a petition for a Writ of Habeas Corpus. The petitioner stipulates that the subject juvenile, Johnnie Martin Pruett, Jr., is presently under a valid and subsisting commitment from this Court to the Texas Youth Council and that he is presently an escapee or fugitive from the official detention facility of the Texas Youth Council. It is further stipulated that the Respondent Kersey is a duly authorized agent of said Texas Youth Council and is a resident of Austin, Travis County, Texas.

Upon such stipulation and examining the face of the petition, it is accordingly ORDERED that this Court refuses to proceed further in this cause except to dismiss this cause with prejudice. It is accordingly ORDERED that this cause be and it is hereby dismissed with prejudice."

We affirm this judgment.

■ An application for Writ of Habeas Corpus must be given a liberal interpretation; however, the application must state facts that entitle an applicant to relief.

■ We hold that the petition at bar was not sufficient to inform the court of the facts on which relief could be granted. Pappillion v. Beto, D.C., 257 F.Supp. 502. The court did not abuse his discretion with his order.

■ Had the petition been sufficient, the court should have held a hearing to determine the validity thereof. Page v. Sherrill, 415 S.W.2d 642 (Tex. 1967).

The original opinion of this Court rendered March 19, 1969 is withdrawn and this opinion on Motion for Rehearing is substituted in lieu thereof.

The judgment of the trial court is affirmed.

HUGHES, Justice (dissenting).

On March 19, 1969, this Court handed down an opinion which I prepared affirming the judgment of the trial court dismissing this case with prejudice. The reason for this affirmance was that the trial court was without jurisdiction to grant the relief sought. I adhere to this conclusion and I attach hereto and incorporate in this opinion the opinion referred to changed only to show that it is now only my opinion.

Upon rehearing, I prepared an opinion for the Court which was not accepted. I attach hereto and incorporate this opinion, in substance, as a part of this dissent.

The importance of the question presented is not reflected by the opinion of the Court. I assume that the Court bases jurisdiction of the trial court upon Art. 5, Sec. 8 of the

Constitution, Vernon's Ann.St., as did appellant.

I will not attempt to bolster my opinion on rehearing by a full dress argument. I do wish to point out that in Dendy, cited infra, the Juvenile Court Act although attacked as unconstitutional on many grounds was not attacked on the ground that in giving exclusive jurisdiction of delinquent children to juvenile courts it conflicted with Art. 5, Sec. 8 of the Constitution. The reason for this is obvious. Children, or minors, have from times immemorial been subject to criminal laws. Infants, 30 Tex.Jur., Sec. 49, Art. 30, V.T.P.C., 21 Am.Jur.2d, Criminal Law, Sec. 27.

I quote the following from Dendy:

"The Act created juvenile courts with special jurisdiction over delinquent children. A juvenile court is not a criminal court. It is a special court created by statute, and the statute specifically provides what disposition may be made of a 'delinquent child' until he or she reaches the age of 21 years. The purpose of the statute is to get away from the old method of handling minors charged with offenses, and to place such minors with suitable persons or in suitable institutions or agencies authorized to take care of minors, for a certain period of time.

2 The power to make laws is vested through the Constitution in the Legislature. This power gives the Legislature the right to define crimes and the punishment therefor, and this is done by statute. * * *

3 It is quite clear that the Legislature intended by this Act to radically change the law relating to minors. It specifically states that the Act shall be liberally construed to accomplish the purpose sought therein. We think from the language used that the Legislature made it plain that the juvenile courts are invested with exclusive original jurisdiction over children within the age limits prescribed by the law. In Section 5 we find this language: 'The juvenile court shall have exclusive original jurisdiction in proceedings governing any delinquent child, and such court shall be deemed in session at all times.'"

In Dendy the Court also discussed then Sec. 12 of the Act providing that any court, other than a juvenile court, in which a criminal charge was filed against a juvenile was under a duty to transfer such charge to the juvenile court.

The point is that the Supreme Court upheld the Juvenile Court Act in its entirety. If now, as the Court here necessarily implies, the district court has authority to release on habeas corpus proceedings any juvenile or minor who is confined in the State penitentiary or a State agency charged with the care, training, control of, or parole of delinquent children under a valid final judgment or commitment upon grounds, unstated, which convince the court that he should be released, the effect is far reaching and will create turmoil. The authority supposedly transferred to the Texas Youth Council as to discharge and parole of juveniles committed to it will be revested in the district court. Minor convicts, not satisfied with the decision of the Board of Pardons and Paroles, can petition the district court for mercy. All laws requiring transfer of delinquent child cases to juvenile courts would be in jeopardy if the district court under Art. 5, Sec. 8 of the Constitution has original jurisdiction in this respect. If the juvenile court has exclusive jurisdiction of delinquent children the district court has no jurisdiction over them, except as provided in the Act. If a district court has original jurisdiction over delinquent children, then the juvenile court cannot have exclusive jurisdiction over them. If a district court has this jurisdiction, then the Legislature cannot divest them of it and the district court would be under no duty to transfer such cases. As a matter of fact, the opinion of the majority endangers the very existence of all juvenile courts, particularly those which are not district courts also, even though the Su-

preme Court has sustained them in every respect.

It is very difficult for me to appraise the opinion of the Court. It does not meet or discuss any issue presented by the parties. It does not indicate whether it treats the proceedings as occurring in the juvenile court or in the constitutional district court. It generally concludes that the petition of appellant was insufficient. No reasons are given for this conclusion. The litigants are left in the dark on all of these matters.

I assume that the Court has held that the trial court was possessed of jurisdiction to hear this case, otherwise the Court could not have held that the trial court did not abuse his so-called discretion.

It is very difficult for me to understand how the trial court was vested with discretion to determine a matter when he refused to hear it.

This case has been briefed upon the assumption that the trial court refused to proceed with the case and dismissed it because of his lack of jurisdiction. Since this Court has construed the judgment as being upon the merits and to avoid any controversy about this I would alter my opinion of affirmance to provide that the judgment of the trial court be modified by decreeing that appellant's petition be dismissed for want of jurisdiction and as modified that it be affirmed.

I respectfully dissent.

APPENDIX

MY ORIGINAL OPINION

This appeal is from the following order and judgment:

"On the 7th day of February, 1969, was presented to the Court a petition for a Writ of Habeas Corpus. The petitioner stipulates that the subject juvenile, Johnnie Martin Pruett, Jr., is presently under a valid and subsisting commitment from this Court to the Texas Youth Council and that he is presently an escapee or fugitive from the official detention facility of the Texas Youth Council. It is further stipulated that the Respondent Kersey is a duly authorized agent of said Texas Youth Council and is a resident of Austin, Travis County, Texas.

Upon such stipulation and examining the face of the petition, it is accordingly ORDERED that this Court refuses to proceed further in this cause except to dismiss this cause with prejudice. It is accordingly ORDERED that this cause be and it is hereby dismissed with prejudice."

The petition for writ of habeas corpus filed by appellant through his guardian, Roy Y. Martin, contained these allegations:

I.

"Johnnie Martin Pruett, Jr., is a resident of Austin, Travis County, Texas, and has been heretofore adjudged a delinquent minor by this Court, and a copy of such proceedings is not yet available, but will be filed immediately.

II.

Petitioner is a fugitive from detention at the state institution in Gatesville, Texas.

III.

Petitioner is presently illegally confined and restrained in his liberty at City jail under Maj. Burch Biggerstaff and Clinton Kersey of Texas Youth Council in the County of Travis, State of Texas, by reason of the fact that he has been incarcerated in Gatesville a sufficient length of time and is entitled to a modification of the judgment of commitment under Section 14 of Article 2338–1 of the Revised Civil Statutes of Texas, and this petition is filed not only for a Writ of Habeas Corpus but to request the reopening of the case.

## IV.

Said Petitioner through his guardian is able to make proper bond and to assume proper financial responsibility for his acts. On Tuesday next he will be eighteen years of age and should not be returned to Gatesville.

## V.

The officer in charge of the minor at this time is under a duty under Section 11 of said Article 2338–1 to forthwith bring Petitioner before the Court, and said officer has refused so to do."

There is no statement of facts.

Although neither Clinton Kersey nor the Texas Youth Council made an appearance by pleadings in the trial court they have, through the Attorney General, filed a brief herein after being notified by the Clerk of this Court of the pendency of this appeal.

Appellant has two points of error the first being that the trial court erred in refusing to have the minor Pruett brought immediately before him. Art. 2338–1, Sec. 11, Vernon's Ann.Civ.St., is cited to sustain this point. This article reads:

"Sec. 11. Whenever any officer takes a child into custody, he may release said child to a parent, guardian, or any other person upon receipt of a written or oral promise of said person to assume complete responsibility for said child and to have him before the probation officer or the court at any time then, or subsequently, specified by said officer. If not so released, such child shall be placed in the custody of a probation officer or other person designated by the court or be taken immediately to the probation department, the court, or to the place of detention designated by the court. The court may make a general order designating such places of detention which may include private foster or boarding homes for children, or such other places of detention which to the court seem desirable. The County Commissioners Court may pay for boarding or foster home care for such children to be detained, or all children coming within the meaning of this Act whether prior to, or after the child has been adjudged a 'delinquent child'.

Any peace officer or probation officer shall have the right to take into custody any child who is found violating any law or ordinance, or who is reasonably believed to be a fugitive from his parents or from justice, or whose surroundings are such as to endanger his health, welfare, or morals. The child shall forthwith be brought to the Judge, who shall order the child's release, or his temporary detention either in the compartment provided for the custody of juveniles, or by a suitable person or agency as in the judgment of the court may seem proper. If the child is ordered detained, the petition provided for herein shall be filed immediately. In every such case the said officer shall refer all such cases, together with information they have secured concerning the child, to the court or the probation department, and the case shall then be proceeded with as specified in this Act, provided that no child shall be taken before a Police Court or a Justice of Peace Court."

This statute is clearly inapplicable to an escapee from a place of detention where he was detained under a valid and subsisting commitment from the trial court to the Texas Youth Council.

Sec. 29 of Art. 5143d provides as follows:

"Sec. 29. A boy or girl committed to the Youth Council as a delinquent child and placed by it in any institution or facility, who has escaped therefrom, or who has been released under supervision and broken the conditions thereof, may be arrested without a warrant by a sheriff, deputy sheriff, constable, police officer, or parole officer employed or designated by the Youth Council, and may be kept in custody in a suitable place and there detained until such boy or girl may

be returned to the custody of the Youth Council."

Point one should be overruled.

Appellant's second point is that the trial court erred in not reopening the case in which he was committed. I would overrule this point and hold that the trial court was without jurisdiction to grant this relief.

Appellant relies upon Secs. 11 and 14, Art. 2338-1, Sec. 11 has been copied above. Sec. 14 reads:

"Sec. 14. An order of the Juvenile Court in the case of a child shall be subject to modification or revocation from time to time, *except as provided in Section 5* and Section 6 of this Act as amended by Section 2 and Section 3 hereof, respectively. *The Court may resume jurisdiction at any time subsequent to the expiration of the release or parole conditions and restrictions placed on the child by the agency of the State charged with the care, training, control of and parole of delinquent children and may retain jurisdiction until the child is twenty-one (21) years of age if not already discharged by the Court.*

*A petition may be filed with the committing court requesting the reopening of the case of a child who has been committed by the court to the custody of an institution, agency or person;* if the court is of the opinion that the best interest of the child will be served, it may at its discretion proceed to hear and determine the question at issue. *Except as provided in Section 5 of this Act as amended by Section 2 hereof,* the court may thereupon order that such child be restored to the custody of its parents or guardian or be retained in the custody of the institution, agency or person; and *may direct such institution, agency or person* to make other arrangements for the child's care and welfare as the circumstances of the case may require; or the court may make a further order or commitment. As amended Acts

1965, 59th Leg., p. 1256, ch. 577, § 6, eff. Aug. 30, 1965." (Italics added)

When Sec. 14 was amended as shown Sec. 5 of Art. 2338-1 read:

"Section 5. The Juvenile Court shall have exclusive original jurisdiction in proceedings governing any delinquent child, and such court shall be deemed in session at all times.

Nothing contained herein shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or when such custody is incidental to the determination of causes pending in such courts.

When jurisdiction shall have been obtained by the Juvenile Court in the case of any delinquent child, such child shall continue under the jurisdiction of the Court until he is discharged by the Court or until he becomes twenty-one (21) years of age *unless committed to the control of the agency of the State charged with the care, training, control of, or parole of delinquent children.* Such continued jurisdiction shall, however, in no manner prejudice or constitute a bar to subsequent or additional proceedings against such child under the provisions of this Act." (59th Leg.Reg.Sess. [1965] Ch. 577, pp. 1256-7) (Italics added)

Sec. 5 of Art. 2338-1, as amended in 1967, now reads:

"Sec. 5. (a) The juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. However, in those cases specified in Section 6 of this Act, the juvenile court may waive jurisdiction to the appropriate district court or criminal district court. The juvenile court is considered in session at all times.

(b) Nothing in this Act deprives other courts of the right to determine custody of children either upon writs of habeas corpus or when such custody is incidental

to the determination of cases pending in those courts.

(c) When the juvenile court obtains jurisdiction of a delinquent child, its jurisdiction continues until the child is discharged by the court or until he becomes twenty-one years of age *unless committed to the control of the agency of the state charged with the care, training, control of, or parole of delinquent children.* The court's continued jurisdiction does not prejudice or bar subsequent child under the provisions of this Act. or additional proceedings against the

(d) Nothing in this Act prevents criminal proceedings against a child for perjury." (Italics added)

Sec. 6 of Art. 2338–1 deals, primarily, with the authority of a juvenile court to waive its jurisdiction if a child fifteen years of age or older at the time of the incident is charged with the commission of a crime of the grade of felony. Its provisions are not helpful here and will not be quoted.

The Youth Development Council of Texas was created by the 51st Leg.Reg.Sess. (1949) Ch. 538, p. 988, Art. 5143c, V.A.C.S. Secs. 12, 13(a), 16, 18, 29 and Sec. 33 of the Act read:

"Sec. 12. When any child is adjudged delinquent under provision of Section 13 of Chapter 204 of the General Laws of the Regular Session of the Forty-eighth Legislature, 1943, (Sec. 13, Article 2338–1, of Vernon's 1948 Statutes), and the Court does not release such child unconditionally, or place him on probation or in a suitable public or private institution or agency other than a State Training School, the Court shall commit him to the Council, but may suspend the execution of the order of such commitment.

Sec. 13. (a) When the Court commits a child to the Council, it may order him conveyed forthwith to some place of detention approved, or established, or designated by the Council, or may direct that he be left at liberty until otherwise ordered by the Council under such conditions as will insure his submission to any orders of the Council.

Sec. 16. The Juvenile Court of any county not having a probation officer may request the Council, with its consent, to make an investigation and report to the Court respecting any child against whom an information or petition has been filed charging delinquency; and such Court may also, with the consent of the Council, place any child whom it has adjudged delinquent on probation under the supervision of the Council on such terms and conditions as the Court may prescribe.

Sec. 18. When a child has been committed to the Council, it may:

(a) Permit him his liberty under supervision and upon such conditions as it believes conducive to acceptable behavior; or

(b) Order his confinement under such conditions as it believes best designed for his welfare and the interests of the public; or

(c) Order reconfinement or renewed release as often as conditions indicate to be desirable; or

(d) Revoke or modify any order of the Council affecting a child, except an order of final discharge, as often as conditions indicate to be desirable; or

(e) Discharge him from control when it is satisfied that such discharge will best serve his welfare and the protection of the public.

Sec. 29. The Council may release under supervision at any time, and may place children in its custody in their usual homes or in any situation or family that it has approved. The Council may, subject to appropriation, employ agents for investigating places and for visiting and supervising children on placement

and may provide for the maintenance, in whole or in part, of any child so placed in charge of any person. The Council may, at any time until the expiration of the period of commitment, resume the care and custody of any child released under supervision.

Sec. 33. Every child committed to the Council as a delinquent, if not already discharged, shall be discharged or referred back to the court when he reaches his twenty-first birthday."

In 1950 the Attorney General of Texas rendered an opinion in which he held, and we quote:

"In view of the aforementioned sections of the Youth Development Council Act, we believe that it was the intention of the legislature to give, in so far as it lawfully can, to the Youth Development Council exclusive authority, as outlined in Section 18 of the Act, to determine treatment and disposition of delinquent children and that Article 2338–1 is amended by implication to the extent hereinafter indicated."

This opinion was written at a time when Secs. 5 and 14 of Art. 2338–1 read as follows:

*"Sec. 5. Jurisdiction.* The Juvenile Court shall have exclusive original jurisdiction in proceedings governing any delinquent child, and such court shall be deemed in session at all times.

Nothing contained herein shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or when such custody is incidental to the determination of causes pending in such courts.

When jurisdiction shall have been obtained by the court in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one (21) years of age, unless discharged prior thereto; such continued jurisdiction shall, however, in no manner prejudice or constitute a bar to subsequent or additional proceedings against such child under the provisions of this Act.

*Sec. 14. Modification of Judgment, Return of Child to Parents.* An order of commitment made by the court in the case of a child shall be subject to modification or revocation from time to time.

A petition may be filed with the commiting court requesting the reopening of the case of a child who has been committed by the court to the custody of an institution, agency or person; if the court is of the opinion that the best interest of the child will be served, it may at its discretion proceed to hear and determine the question at issue. It may thereupon order that such child be restored to the custody of its parents or guardian or be retained in the custody of the institution, agency or person; and may direct such institution, agency or person to make such other arrangements for the child's care and welfare as the circumstances of the case may require; or the court may make a further order or commitment."

In 1957 the Texas Youth Council Act was enacted by the 55th Leg.Reg.Sess. Ch. 281, p. 660, now codified as Art. 5143d, V.A. C.S.

By this Act the powers, duties and functions of the State Youth Development Council were expressly transferred to the Texas Youth Council. We quote the pertinent parts of the Act:

"Section 1. The purpose of this Act is to create a Texas Youth Council to administer the state's correctional facilities for delinquent children, to provide a program of constructive training aimed at rehabilitation and reestablishment in society of children adjudged delinquent by the courts of this state and committed to the Texas Youth Council, and to provide active parole supervision of such delinquent children until officially dis-

charged from custody of the Texas Youth Council. It is the further purpose of this Act to delegate to the Texas Youth Council the supervision of the Corsicana State Home (State Orphan Home), the Texas Blind, Deaf and Orphan School, and the Waco State Home.

Sec. 2. This Act shall be liberally construed to accomplish the purpose herein sought.

Sec. 5. (c) The powers and duties formerly held by the State Youth Development Council in respect to the custody, training, treatment, parole, transfer, release under supervision and discharge of delinquent children committed to the state shall be exercised and performed by the Texas Youth Council and may be delegated to the Executive Director. The Executive Director may delegate the powers and duties vested in him in this subsection to any employee of the Texas Youth Council or employee designated by the Texas Youth Council to assume such duties or powers.

Sec. 12. When any child is adjudged delinquent under provisions of Section 13 of Chapter 204 of the General Laws of the Regular Session of the 48th Legislature, 1943, (Section 13, Article 2338–1, Vernon's Texas Civil Statutes, 1948) *and the court does not release such child unconditionally, or place him on probation or in a suitable public or private institution or agency other than a state training school, the court shall commit him to the Texas Youth Council, but may suspend the execution of the order of such commitment.*

Sec. 13. (a) When the court commits a delinquent child to the Youth Council, it may order him conveyed forthwith to some place of detention approved, or established, or designated by the Youth Council, or may direct that he be left at liberty until otherwise ordered by the Youth Council under such conditions as will insure his submission to any orders of the Youth Council.

Sec. 16. (a) When a delinquent child has been committed to the Youth Council, it shall, under rules established by it, forthwith examine and study him and investigate all pertinent circumstances of his life and behavior.

(b) The Youth Council shall make periodic re-examination of all such children within its control, except those on release under supervision or in foster homes. These examinations may be made as frequently as the Youth Council considers desirable, and shall be made with respect to every child at intervals not exceeding one (1) year.

(c) The Youth Council shall keep written records of all examinations and of the conclusions based thereon, and of all orders concerning the disposition or treatment of every delinquent child subject to its control. All records maintained by such Youth Council shall not be public records, but shall only be available upon the order of a District Court.

(d) *Failure of the Youth Council to examine a delinquent child committed to it, or to reexamine him within one (1) year of a previous examination, shall not of itself entitle the child to discharge from the control of the Youth Council, but shall entitle him to petition the committing court for an order of discharge, and the court shall discharge him unless the Youth Council upon due notice satisfies the court of the necessity for further control.*

Sec. 17. When a child has been committed to the Youth Council as a delinquent child, the Council may:

(a) Permit him his liberty under supervision and upon such conditions it believes conducive to acceptable behavior; or

(b) Order his confinement under such conditions as it believes best designed for his welfare and the interests of the public; or

(c) Order reconfinement or renewed release as often as conditions indicate to be desirable; or

(d) Revoke or modify any order of the Council affecting a child, except an order of final discharge, as often as conditions indicate to be desirable; or

(e) *Discharge him from control when it is satisfied that such discharge will best serve his welfare and the protection of the public.*

Sec. 19. The Youth Council shall have the management, government and care of the Gatesville State School for Boys, the Gainesville State School for Girls, the Crockett State School for Negro Girls, and of all other facilities hereafter established by the state for the custody, diagnosis, care, training and parole supervision of delinquent children committed to the state.

Sec. 21. The Youth Council shall establish rules and regulations for the government of each of such schools and other facilities and shall see that its affairs are conducted according to law and to such rules and regulations; but the purpose thereof and of all education, work, training, discipline, recreation, and other activities carried on in the schools and other facilities shall be to restore and build up the self-respect and self-reliance of the children and youth lodged therein and to qualify them for good citizenship and honorable employment.

Sec. 25. (d) Placement of a child by the Youth Council in any institution or agency not operated by the Youth Council, or the release of such child from such an institution or agency, shall not terminate the control of the Youth Council over such child. *No child placed in such institution or under such an agency may be released by the institution or agency without the approval of the Youth Council.*

Sec. 27. The Youth Council may release under supervision at any time, and may place delinquent children in its custody in their usual homes or in any situation or family that it has approved. The Youth Council may, subject to appropriation, employ parole officers for investigating, placing, supervising and otherwise directing the activities of a parolee so as to insure his/her adjustment to society in accordance with rules and regulations established by the Texas Youth Council, and work with local organizations, clubs, and agencies in formulating plans and procedures for the prevention of juvenile delinquency. *The Youth Council may, at any time, until finally discharged by the Youth Council, resume the care and custody of any child released under parole supervision.*

Sec. 30. *Whenever the Youth Council finds that any delinquent child committed to it is mentally ill, feeble-minded or an epileptic, the Youth Council shall have the power to return such child to the court of original jurisdiction for appropriate disposition* or shall have the power to request the court in the county in which the training school is located to take such action as the condition of the child requires. In no case will the Youth Council upon the determination of such a finding related to any such child committed to its custody delay returning the child to the committing county or make application to the proper court for appropriate handling of the case beyond the minimum time necessary for the removal of the child from its facilities in accordance with law." (Italics added)

The question presented is not of easy resolution. The statutes involved are somewhat confusing and, from casual reading, seem to have repugnant provisions. Construing them as a whole we have concluded that except in those instances specially defined in the statutes the jurisdiction of the committing juvenile court over juveniles committed to the care, custody and control of the Texas Youth Council has been relinquished to such

council and that thereafter such jurisdiction is to be reactivated or reacquired only where or when special provision is made therefor by statute, such as is provided in Secs. 16(d) and 30, Art. 5143d and in Sec. 14, Art. 2338-1.

The statutory language compelling this construction is, of course, found in Sec. 5(c) of Art. 2338-1 (Juvenile Court Act) which language is to the effect that the jurisdiction of a juvenile court over a juvenile, once obtained, shall continue until the child reaches age 21 or is discharged by the court " * * * *unless committed to the control of the agency or the state charged with the care, training, control of, or parole of delinquent children. * *.*" (Italics added) This quoted language is incorporated by two references, prefaced by the word "except," in Sec. 14 of the same Act, such section dealing with the modification of an order of the Juvenile Court and authorizing the reopening of a case of a child " * * * *who has been committed by the Court to the custody of an institution, agency or person* * * *. (Italics added)

There is a distinction found in the statutes between committing a juvenile delinquent to the Youth Council and in committing him to a public or private institution or agency other than a State Training School. See Secs. 12 and 13(a), Art. 5143d and Sec. 14, Art. 2338-1. The first paragraph of Sec. 14 not only incorporated the exception contained in Sec. 5 of Art. 2338-1 but it explicitly restricts the authority of the court to resume jurisdiction of juveniles who have been released or paroled by the "agency of the State charged with the care, training, control of and parole of delinquent children" to times "subsequent" to the expiration of the release or parole conditions. The agency referred to could only mean the Texas Youth Council.

The second paragraph of Sec. 14 provides for the reopening of the case of a child " * * * committed by the Court to

the custody of an institution, agency or person; * * *.*" This language does not describe the Texas Youth Council and cannot be construed as doing so in view of the exception and its reference to Sec. 5 of Art. 2338-1. This portion of Sec. 14 bears out and confirms the distinction made by the statutes between commitment of a juvenile to an agency or institution other than the Texas Youth Council.

It is my opinion that under the circumstances reflected by this record the trial court had no authority to reopen appellant's case. I, therefore, affirm his judgment in dismissing appellant's petition with prejudice.

## MY OPINION ON REHEARING

Appellant states that my construction of the statutes involved brings them in conflict with Art. 5, Sec. 8 of the Texas Constitution which, in part, provides:

"The District Court shall have * * * original jurisdiction and general control over * * * minors under such regulations as may be prescribed by law."

To support this contention appellant cites Green v. Green, 146 S.W. 567, Tex. Civ.App., Amarillo, writ dismissed (1912); Page v. Sherrill, 415 S.W.2d 642 (Tex. Sup.1967); Crow v. Vincent, 397 S.W.2d 870, Tex.Civ.App., Eastland, writ ref. n. r. e. (1965); Dannelley v. Dannelley, 417 S.W.2d 55 (Tex.Sup.1967); Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953); Burson v. Montgomery, 386 S.W. 2d 817, Tex.Civ.App., Houston, no writ (1965); Kell v. Texas Children's Home and Aid Society, 191 S.W.2d 900, Tex.Civ. App., Fort Worth, writ ref. n. r. e. (1946); Jones v. Alexander, 122 Tex. 328, 59 S.W. 2d 1080 (Tex.Com. of App. 1933); Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187 (1949); and Mitchell v. Cornwall, 314 S. W.2d 437, Tex.Civ.App., El Paso, no writ (1958).

Before discussing these authorities, I will state my view of the nature of the

proceedings instituted by appellant and the law by which they are controlled.

The court from whose judgment this appeal is taken is the Juvenile Court of Travis County. Juvenile Courts are created under the authority of Art. 5, Sec. I of the Texas Constitution which provides, in part: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Secs. 5(a) and (b) of Art. 2338–1 provide, in part:

"(a) The juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. However, in those cases specified in Section 6 of this Act, the juvenile court may waive jurisdiction to the appropriate district court or criminal district court. The juvenile court is considered in session at all times.

(b) Nothing in this Act deprives other courts of the right to determine custody of children either upon writs of habeas corpus or when such custody is incidental to the determination of cases pending in those courts."

A juvenile court may be an existing constitutional district court, a county court, a criminal district court, or a specially created court. Art. 2338–1, Sec. 4 and Art. 2338–9.

The constitutionality of the Juvenile Court Act (Art. 2338–1, V.A.C.S., Acts 48th Leg., p. 313, 1943), was upheld in Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217 (1944). See also Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950) sustaining the validity of an act of the Legislature creating a court of domestic relations.

A juvenile court has only such jurisdiction and authority as may be conferred upon it by the Legislature. Art. 5, Sec. I,

Texas Constitution, Rader v. Rader, 378 S.W.2d 371, Tex.Civ.App., Dallas, writ ref. n. r. e. (1964).

It is quite true that the Legislature in creating a court under Art. 5, Sec. I of the Constitution cannot deprive a constitutional district court of its constitutional jurisdiction. Reasonover v. Reasonover, 122 Tex. 512, 58 S.W.2d 817 (1933); Mitchell v. Cornwall, 314 S.W.2d 437, Tex.Civ.App., El Paso, no writ (1958).

In State v. Thomasson, 154 Tex. 151, 275 S.W.2d 463 (1955), the Court stated that the purpose of the Juvenile Court Act was to transfer jurisdiction over delinquent children from criminal courts to civil courts and to change the method of handling delinquent children from criminal to civil procedure.

While the court below is a constitutional district court it is also a juvenile court. From the facts stated in my original opinion appellant invoked only the jurisdiction of the juvenile court as distinguished from the general constitutional jurisdiction of the district court.

Appellant is a minor and he filed his petition in the form of habeas corpus. Ordinarily this would invoke the constitutional jurisdiction of the district court. However, the facts disclose that appellant has been adjudicated a delinquent by the court below which it could have done only in its capacity as a juvenile court. Appellant concedes the validity of this adjudication and makes no collateral attack on it. He seeks a re-opening of such judgment, relief which he could obtain only in the court which rendered the judgment. I believe, under the facts, that the juvenile court under the Juvenile Act has no jurisdiction to grant this relief. A similar construction of the Act was made in Lee v. State, 425 S.W.2d 698, Tex.Civ.App., San Antonio, no writ (1968) from which we quote:

"Since the amendment of Sec. 5, Art. 2338–1, effective August 30, 1965, the

jurisdiction of the juvenile court of a delinquent child continues until the child is discharged by the court or until he becomes twenty-one years of age *unless committed to the Texas Youth Council.*"

The Act provides other ways in which the juvenile court may lose jurisdiction. See Sec. 6, Art. 2338–1.

Even if I erred in holding the trial court was without jurisdiction to grant the relief sought by appellant my decision would be adverse to him for the reason that he has not alleged any facts nor has he offered any evidence invoking the general constitutional jurisdiction of the trial court which would entitle him to be discharged from his present confinement as a juvenile delinquent.

This case would lack all confusion had the trial court been a separate juvenile court or a county court designated as a juvenile court.

I will briefly discuss the cases cited by appellant.

Green was decided prior to enactment of the Juvenile Courts Act. The infants involved there were aged 9, 6 and 5 years. They were not alleged to be delinquents.

Sherrill involved a change of custody of two children, ages not shown. They were not delinquent children.

Crow involved a three year old boy.

Dannelley was a custody suit between the father and mother of three minor children. They were not delinquents.

Knollhoff involved the custody of a five year old girl.

Burson involved the custody of a five year old girl.

Kell involved the custody of a one year old baby.

Jones was before the enactment of the Juvenile Court Act. It does not involve custody of minors.

Worden was a custody suit between the father and mother involving their nineteen month old son.

Mitchell was a custody suit between the father and mother concerning their three minor children ages, five, three and one.

It is obvious these cases are not relevant here.

The motion for rehearing should be overruled.