**Herbert Douglas McALPINE, a Minor, et al., Appellants,**

v.

**STATE of Texas, Appellee.**

No. 15658.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 23, 1970.

Holder, Kenyon, Germany & Shaw, Freeport, for appellants; Wallace N. Shaw, Freeport, of counsel.

Ogden Bass, Criminal Dist. Atty., Brazoria County, Billy M. Bandy, Asst. Dist. Atty., Angleton, Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Monroe Clayton, Roland Daniel Green, III, Asst. Attys. Gen., Austin, for appellee.

COLEMAN Justice.

This is an appeal from an order of the Juvenile Court of Brazoria County, Texas, refusing to set a hearing on appellants' "Motion to Vacate Commitment, Order Revoking Probation and Judgment Declaring Juvenile to be a Delinquent Child," and, without first hearing evidence, overruling the same and denying the relief sought therein. We find that the trial court lacked jurisdiction of the cause of action alleged. Accordingly, the judgment is reversed and the case is dismissed.

The minor appellant was found to be a delinquent child by the Juvenile Court of Brazoria County, Texas, by judgment entered the 3rd day of August, 1967, and was committed to the Texas Youth Council. However, as authorized by law, he was placed on probation with an uncle. A short time later the court transferred custody to his parents. On January 23, 1969, the court entered an order revoking his probation and ordering that he be transferred to the Gatesville School for Boys. On the same date an "Order of Commitment" was entered by the Juvenile Court ordering that the minor be committed to the care, custody and control of the Texas Youth Council. This order was filed on March 31, 1970.

Appellants take the position that the judgment of August 3, 1970, is void as a matter of law because the transcript of the proceedings of the Juvenile Court reflect that he was not represented by counsel and fails to establish that the minor and his parents effectively waived their right to counsel.

The judgment finding the minor to be a delinquent child is final and valid on its face. It cannot be set aside by collateral attack in the Juvenile Court, a statutory court of limited jurisdiction. Such a court can exercise no jurisdiction other than that conferred on it by the statute by which it is established. McCarty v. McCarty, 40 S.W.2d 165 (Tex.Civ.App.—San Antonio 1931, error dism.). The proceedings under the Juvenile Delinquency Act must be governed largely by the Texas Rules of Civil Procedure. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944); Steed v. State, 143 Tex. 82, 183 S.W.2d 458 (1944).

The Rules of Civil Procedure do not authorize a trial court to vacate on motion its previous orders and judgments, which have become final by lapse of time. Appellants point to Section 14, Article 2338–1, V.A.C.S. It provides that an order of the Juvenile Court "shall be subject to modification or revocation from time to time, *except* as provided in *Section 5* and Section 6 of this Act as amended by Section 2 and Section 3 hereof respectively * * *

"A petition may be filed with the Committing Court requesting the reopening of the case of a child who has been committed by the court to the custody of an institution, agency or person; if the court is of the opinion that the best interests of the child will be served, it may at its discretion proceed to hear and determine the question at issue. *Except* as provided in *Section 5* of this Act as amended by Section 2 hereof, the Court may thereupon order that such child be restored to the custody of its parents * * * or the court may make a further order or commitment * * *" (italics added)

Section 5 of Article 2338–1, as amended, contains this paragraph:

"(c) When the juvenile court obtains jurisdiction of a delinquent child, its jurisdiction continues until the child is discharged by the court or until he becomes twenty-one years of age *unless* committed to the control of the agency of the state charged with the care, training, control of, or parole of delinquent children. * * *" (italics added)

Here the delinquent child has been committed to the control of the Texas Youth Council. This case falls within the exception to the authority of the Juvenile Courts to modify or revoke its previous orders, and within the exception to the con-

tinuing jurisdiction of the court. For a more extended discussion of the question raised here see an opinion prepared by Associate Justice Hughes attached as an appendix to his dissent in the case of Martin v. Texas Youth Council, 445 S.W.2d 553, pp. 558–563 (Tex.Civ.App.).

█ Under the circumstances alleged an application for writ of habeas corpus in a court of proper jurisdiction would afford the minor appellant an opportunity to be heard. Martin v. Texas Youth Council, supra.

The trial court overruled the motion and denied the relief sought. The proper procedure was to dismiss the motion for want of jurisdiction.

Judgment reversed and case dismissed.