

# The Attorney General of Texas

May 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Jerome Chapman
Texas Commissioner
State Department of Human Resources
Austin, Texas

Honorable Henry Wade
District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H-1166

Re: Authority of the Department of Human Resources to license or certify certain juvenile detention facilities under article 695a-3, V.T.C.S.

Gentlemen:

Mr. Chapman inquires whether the Department of Human Resources has authority under the Child Care Licensing Act of 1975, V.T.C.S. art. 695a-3, to license correctional facilities operated by the Texas Youth Council and county juvenile detention facilities operated pursuant to Title 3 of the Family Code. He asks whether article 2, section 1 of the Texas Constitution, which provides for separation of powers, or any statute prevents the licensing of these facilities. Mr. Wade inquires whether the Dallas County Boys' Home established under articles 5138a and 5138b is subject to licensing under the Child Care Licensing Act.

The purpose of the Child Care Licensing Act is to establish statewide minimum standards for the safety of children in child care facilities and to regulate the conditions of such facilities through a licensing program administered by a division within the Department. V.T.C.S. art. 695a-3, §§ 1, 3. "Child care facility" is defined as

> a facility providing care, training, education, custody, treatment, or supervision for a child who is not related by blood, marriage, or adoption to the owner or operator of the facility, for all or part of the 24-hour day . . . .

Section 2(3). "Child caring institution" is defined as

a child care facility which provides care for more than 12 children for 24 hours a day, including facilities known as children's homes, halfway houses, residential treatment camps, emergency shelters, and training or correctional schools for children.

Section 2(6). These definitions are certainly broad enough to include juvenile detention facilities in the coverage of the Act, provided that no other provision of law requires their exclusion. Facilities operated by the State are exempt from the licensing requirement, but they must be certified as complying with applicable provisions of the Act and standards, rules, and regulations promulgated thereunder. Sections 4(b)(1), 14. Facilities operated by political subdivisions are not exempted from licensing. See section 2(15); compare Attorney General Opinion H-104 (1973).

Title 3 of the Family Code gives the juvenile court exclusive original jurisdiction over proceedings relating to delinquent children and children in need of supervision. Family Code §§ 51.01, 51.04. See V.T.C.S. art. 1926a. Section 51.12 of the Family Code provides for the operation of facilities used for the temporary detention of juveniles during proceedings under Title 3 of the Family Code. See Family Code §§ 51.13(c)(1), 54.01. Under article 51.12, the county provides the place of detention, but "the juvenile court shall control the conditions and terms of detention and detention supervision. . . ." The juvenile court also certifies the facility pursuant to the following provision:

(c) In each county, the judge of the juvenile court and the members of the juvenile board, if there is one, shall personally inspect the detention facilities at least annually and shall certify in writing to the authorities responsible for operating and giving financial support to the facilities that they are suitable for the detention of children in accordance with:

(1) the requirements of Subsection (a) of this section [relating to separation of juvenile and adult offenders];

(2) the requirements of Article 5115, Revised Civil Statutes of Texas, 1925, as amended, defining 'safe and suitable jails,' if the detention facility is a county jail; and

(3) recognized professional standards for the detention of children.

Section 51.12 (bracketed material added). Children may not be placed in a facility unless it has been certified as suitable for detention.

In our opinion, section 51.12 provides an independent certification scheme for the facilities it covers, with its own inspection procedures and standards. Cf. Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. — Amarillo 1971, writ ref'd n.r.e.) (responsibility for administering adult probation placed wholly on courts). If article 695a-3 were construed to apply to the county juvenile detention institutions referred to in section 51.12, the two provisions would be brought into conflict. The standards promulgated under article 695a-3 might differ from those set out in section 51.12; in addition, each provision grants a different entity the authority to determine whether a place is suitable for children. These potential conflicts can be avoided by recognizing section 51.12 as a special provision on certification of the county juvenile detention facilities it describes, which controls over the general child care licensing statute. See Trinity Universal Insurance Company v. McLaughlin, 373 S.W.2d 66 (Tex. Civ. App. — Austin 1963, no writ).

We have found no evidence in the legislative history of an intent to require dual certification of county juvenile detention facilities maintained pursuant to article 51.12. The fiscal notes, which estimated the number of institutions that article 695a-3 would add to the Department's work load, did not mention such facilities, even though every county is directed to provide them. In view of our conclusion that article 695a-3 does not authorize the Department to license the facilities certified by the juvenile courts under section 51.12, we need not address your question about the separation of powers clause.

If the juvenile court judge determines that a child has engaged in delinquent conduct or conduct indicating a need for supervision, he must hold a disposition hearing. Family Code §§ 54.03, 54.04. After making specified findings at the disposition hearing, he may place the child on probation in a public or private institution or commit him to the Texas Youth Council. Family Code § 54.04. The judge retains power to modify dispositions, except a commitment to the Texas Youth Council. Family Code § 54.05; McAlpine v. State, 457 S.W.2d 426 (Tex. Civ. App. — Houston [1st Dist.] 1970, no writ). We find no Family Code provision requiring the judge to inspect and certify the institutions in which he places children following a disposition hearing.

The Dallas County Boys' Home, about which Mr. Wade inquires, was established under the authority of article 5138a, V.T.C.S., permitting certain cities and counties acting jointly to establish and operate homes for dependent and delinquent youth. A board of managers appointed by the commissioners court has the general management and control of the home and its inmates. V.T.C.S. art. 5138b, § 1. We are informed that all of the Home's residents have been determined by juvenile courts to be dependent and neglected, delinquent, or in need of supervision. See Family Code §§ 11.03, 14.01, 14.02(b), 51.03. It is not used as a temporary holding facility prior to adjudications by the juvenile court, and the Dallas County Juvenile Board has not exercised any control over it. The Boys'

Home is thus not a detention facility operated pursuant to article 51.12 of the Family Code. We do not find a conflicting inspection system for the Boys' Home, nor any statute exempting it from licensing under article 695a-3. In our opinion, it is a child care facility subject to licensing under that Act.

The Texas Youth Council administers the State's correctional facilities for delinquent children. V.T.C.S. art. 5143d. No separate, conflicting inspection and certification system is provided for TYC schools; nor do we find any other statute which might operate to exempt them from certification under article 695a-3. According to testimony before legislative committees, one purpose of article 695a-3 was to remove the exemption formerly applicable to public facilities. See Attorney General Opinions H-423 (1974), H-104 (1973). The fiscal notes stated that the bill would add 40 state-operated facilities to the Department's workload. In 1977, the Legislature considered and rejected an amendment to the Child Care Licensing Act which would have exempted TYC correctional facilities from its provisions. S.B. 396, 65th Leg., R.S. In our opinion, institutions operated by the Texas Youth Council are subject to certification under article 695a-3. Article 2, section 1 of the Constitution does not prevent their certification by the Department, since both agencies are in the executive branch. See generally Attorney General Opinion H-6 (1973).

## SUMMARY

Article 695a-3, V.T.C.S., the Child Care Licensing Act, authorizes the Department of Human Resources to certify juvenile detention facilities operated by the Texas Youth Council and to license the Dallas County Boys' Home operated pursuant to articles 5138a and 5138b, V.T.C.S. It does not authorize the Department to license county detention facilities certified by juvenile courts under section 51.12 of the Family Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

p. 4718

Honorable Jerome Chapman
Honorable Henry Wade        -    Page 5   (H-1166)


C. ROBERT HEATH, Chairman
Opinion Committee

jst