OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 1, 1999

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Room 408A
Angleton, Texas 77515

Opinion No. JC-0103

Re: Juvenile court jurisdiction over a 17-year-old who has violated a truancy order of a justice or municipal court   (RQ-0021)

Dear Ms. Yenne:

You have requested our opinion regarding the authority of a juvenile court to conduct proceedings against a 17-year-old individual who has violated an order to attend school imposed by a justice or municipal court. For the reasons discussed below, we conclude that a juvenile court is without jurisdiction to conduct such proceedings.

Section 25.085(a) of the Education Code provides that "[a] child who is required to attend school under this section shall attend school each school day for the entire period the program of instruction is provided." TEX. EDUC. CODE ANN. § 25.085(a) (Vernon 1996). Section 25.094 states that "a child commits an offense if the child . . . is required to attend school under Section 25.085" and fails to do so "for the amount of time specified under section 51.03(b)(2), Family Code, and is not excused under Section 25.087." Such an offense "may be prosecuted in a justice court in the county in which the child resides or in which the school is located or in a municipal court in the municipality in which the child resides or in which the school is located." *Id.* § 25.094(b) (Vernon Supp. 1999). If the justice or municipal court finds that the child has committed a truancy offense, "the court may enter an order that includes one or more of the requirements listed in Section 54.021(d), Family Code." *Id.* § 25.094(c) (Vernon 1996). If the court subsequently finds that the individual "has violated an order under Subsection (c)," the court is directed to "transfer the complaint against the child, together with all pleadings and orders, to a juvenile court for the county in which the child resides," and the juvenile court is required to "conduct an adjudication hearing as provided by Section 54.03, Family Code." *Id.* § 25.094(d).

In 1997, the legislature increased the age of compulsory school attendance by one year, so that section 25.085(b) of the Education Code now provides:

> Unless specifically exempted by Section 25.086, a child who is at least six years of age, or who is younger than six years of age and has previously been enrolled in first grade, and who has not yet reached the child's 18th birthday shall attend school.

*Id.* § 25.085(b) (Vernon Supp. 1999).

Thus, section 25.094(d) now requires, in some instances, the transfer to a juvenile court of proceedings against an individual who will have attained his 17th birthday prior to his first appearance in juvenile court. The Family Code does not permit this possibility.

Section 51.04(a) of the Family Code provides:

> This title covers the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct, and the juvenile court has exclusive original jurisdiction over proceedings under this title.

A "child" is defined for purposes of the Family Code as a person who is:

> (A)     ten years of age or older and under 17 years of age; or

> (B)     seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

TEX. FAM. CODE ANN. § 51.02(2) (Vernon 1996). By increasing the age of compulsory school attendance past an individuals 17th birthday, and by neglecting to simultaneously extend juvenile court jurisdiction beyond the age of 17, the legislature has created a conflict between the definition of "child" under the Family Code—a person under the age of 17—and the meaning of "child" for purposes of the Education Code, which at least for some purposes means an individual under the age of 18.

In the usual situation, we might be inclined to attempt to harmonize these two provisions, and conclude that, in these limited circumstances, a juvenile court may exercise jurisdiction over an individual who has attained his 17th birthday. To do so, however, would require that we impute to the legislature an intent to alter a jurisdictional requirement that has remained a constant for a very long time. Section 25.094(d) of the Education Code, the provision that requires transfer to a juvenile court, was enacted only in 1995, as part of the revision of titles 1 and 2. Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2294. By contrast, the jurisdictional age restrictions of juvenile courts have been a feature of the law since 1943, when juvenile courts were first created. Act of Apr. 21, 1943, 48th Leg., R.S., ch. 204, 1943 Tex. Gen. Laws 313. In our opinion, the legislature did not intend to change by such indirect means the jurisdiction of the juvenile court. As the court said in *McAlpine v. State*, 457 S.W.2d 426, 427 (Tex. Civ. App.–Houston [1st Dist.] 1970, no writ), the juvenile court is "a statutory court of limited jurisdiction." It "can exercise no jurisdiction other than that conferred on it by the statute by which it is established." *Id.* at 427. Section 51.02 of the Family Code "defines a jurisdictional prerequisite for juvenile court proceedings." *In the Matter of J.T.*, 526 S.W.2d 646 (Tex. Civ. App.–El Paso

1975, no writ). "Because the juvenile court is not one of general jurisdiction, its power to act is derived exclusively from the statutory grant of authority delineated in the Family Code." *In the Matter of A.S.*, 875 S.W.2d 402 (Tex. App.–Corpus Christi 1994, no writ).

Nothing in the legislative history of Senate Bill 247, which raised the age of compulsory school attendance, indicates that the legislature intended to change the jurisdiction of the juvenile court. Nor is it the case that a person who violates the truancy law for the first time after his 17th birthday is beyond the law's authority. Such an individual may still be prosecuted under section 25.094 of the Education Code, and, upon a finding of truancy by the justice of the peace or municipal judge, the court may impose any or all of the sanctions provided in section 54.021(d) of the Family Code, including attendance at preparatory classes for the high school equivalency examination and alcohol and drug abuse programs, community service, and suspension of the truant's driver's license. An offense under section 25.094 is a class C misdemeanor. Furthermore, the statute clearly contemplates that a person may be prosecuted for truancy as often as once every four weeks. Section 25.094 indicates that a truancy offense occurs when an individual "fails to attend school for the amount of time specified under Section 51.03(b)(2), Family Code," *i.e.* "the unexcused voluntary absence of a child on 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period from school without the consent of his parents."

We conclude that a juvenile court is without jurisdiction to conduct an adjudication hearing for a person referred as a truant by a justice or municipal court if the conduct that forms the basis for the referral occurred after the person attained the age of 17.

## S U M M A R Y

A juvenile court is without jurisdiction to conduct an adjudication hearing for a person referred as a truant by a justice or municipal court if the conduct that forms the basis for the referral occurred after the person attained the age of 17.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee