**Jack CONNELL, Jr., Appellant,**

**v.**

**Arthur SHANAFELT, d/b/a Shanafelt Well Service Co., Appellee.**

**No. 17050.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 10, 1969.

Jack Connell, Bowie, for appellant.

Patrick A. Myers, Jacksboro, for appellee.

## OPINION

MASSEY, Chief Justice.

Arthur Shanafelt as plaintiff brought suit in the County Court against Jack Connell, Jr., as a defendant, for an indebtedness amount within the jurisdiction of said court and below the jurisdictional amount of the District Court. However, in addition thereto but founded upon the indebtedness sued upon, plaintiff also alleged that he had acquired a statutory mechanic's and materialman's lien, and sought in said suit to have lien on an interest in realty established and foreclosed. Judgment in the case ignored any lien or foreclosure and was personal merely, for an amount representing the debt and attorney's fee.

We reverse and remand.

In view of plaintiff's pleadings seeking foreclosure of the lien, as well as for the debt, etc., jurisdiction of the action would have been in the District Court, not in the County Court.

Defendant filed a Plea in Abatement predicated upon the presence of plaintiff's prayer for lien foreclosure as well as for the establishment of the amount of the debt; and subject thereto made answer to the merits by a general denial.

Due to confessed oversight the defendant did not appear on the date the case was set for trial. The plaintiff demanded default judgment. The court rendered a personal judgment for the amount sued for as debt and attorney's fee. The judgment omitted any reference to lien and foreclosure.

The state of the plaintiff's pleadings in the case, at time of the entry of judgment and on date it presumably would have become final, consisted of the original petition only. Nothing in the record reflects any amendment or any abandonment of any part of the allegations or prayer contained therein. Therefore we are bound to consider the pleadings of the plaintiff, as set forth in the original petition, as having obtained at all material times.

Appeal of the defendant, Jack Connell, Jr., was brought to this court by Writ of Error. T.R.C.P., 359, "Petition for Writ of Error."

The circumstances present a situation in law identical to that before the Court of Civil Appeals in Crowell v. Mickolasch, 297 S.W. 234 (Waco, Tex.Civ.App., 1927, no writ hist.). Appropriate to the instant case

as though written in this is the following language taken therefrom (though the position of the instant case is even stronger in view of the fact that the defendant here filed a Plea in Abatement), viz.:

"In determining whether the county court has jurisdiction of the amount involved in a particular action, the petition only can be considered. (Cases cited.)

"And in like manner, we think, in determining whether or not the county court has jurisdiction of the subject-matter of a suit, the allegations of plaintiff's petition are controlling. In this case, if the allegations in reference to the materialman's lien had appeared upon the face of the petition to be surplusage, or if no relief had been sought by reason of said lien, it probably would have been sufficient to confer jurisdiction upon said court. * * * However, where the pleadings put in issue the existence and right to foreclose a lien on real estate, as well as the debt, such cause of action is one for the district court. * * * The county court is a court of limited jurisdiction, and the jurisdiction of such court should be made to appear from the allegations of plaintiff's petition.

"In this case appellee not only fully plead his materialman's lien, but expressly prayed that same be declared and foreclosed and property sold to satisfy debt, etc. It is true a lien is an incident only of the debt sued for, but the general denial in this case by appellant put in issue the existence and right of foreclosure of the lien, as effectually as the debt. The allegations in appellee's petition we think, clearly set forth a cause of action cognizable in the district court only. (Cases cited.) It is true the judgment rendered does not undertake to fix or foreclose the alleged materialman's lien or to dispose of the issue as to said lien in any way, but the judgment rendered cannot be considered in determining whether or not the cause of action was one over which the trial court had jurisdiction. * * * The county court having no jurisdiction of the cause of action set forth in appellee's petition on which the trial was had, this court has none."

That there has been no change in the applicable law since the adoption of the Texas Rules of Civil Procedure is made apparent from the discussion of another pertinent case. Harris County Inv. Corp. v. Wiggins, 255 S.W.2d 304 (Galveston, Tex.Civ.App., 1953, writ dism.) On the matter of want of jurisdiction of the trial court, see also 15 Tex.Jur.2d, p. 500, "Courts", Sec. 68, "Inability to grant all relief asked", and p. 506, Sec. 71, "Effect of pleadings and stipulations".

■ The judgment of the trial court is reversed and the cause remanded, with instruction to the trial court to dismiss unless amended pleadings are filed setting forth a cause of action over which said court will have jurisdiction.