Al CONGER, et ux., David E. Hare, et ux., Mr. and Mrs. Cannon, Appellants,

v.

Gary DALRYMPLE d/b/a J & M Electric Company, Appellee.

Nos. 18319, 18320 and 18321.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 13, 1980.

Cantey, Hanger, Gooch, Munn & Collins and Tolbert L. Greenwood, Fort Worth, for appellants.

Catherine Adamski, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Al Conger and wife, David E. Hare and wife, and Mr. & Mrs. Cannon have appealed the judgment of the trial court which foreclosed liens upon their respective lots of real estate. This case involves the subject matter jurisdiction of County Court at Law No. 2 of Tarrant County. After overruling motions to dismiss for want of jurisdiction the County Court at Law No. 2 of Tarrant County rendered the judgment foreclosing liens upon real estate.

We reverse with instructions.

On October 13, 1977 Appellee Gary Dalrymple d/b/a J & M Electric Company (Plaintiff) instituted three individual suits against three individual defendants (Defendants) in what was then known as the County Court at Law of Tarrant County. In each suit plaintiff sought recovery of sums in excess of $500.00 and less than $5000.00. He also sought foreclosures of mechanic's and materialman's liens on the properties of the separate defendants. The defendants each answered by raising special exceptions and by generally denying the allegations of the Original Petition.

Upon the creation of County Court at Law No. 2 of Tarrant County the cases were transferred and consolidated for trial in that court. Each defendant thereafter moved for dismissal for want of jurisdiction. These motions were overruled and the case went on to judgment with personal liability of each defendant being found to be non–existent. However, valid mechanic's and materialman's liens were found to be established and foreclosures of such was ordered.

Defendants have brought a consolidated appeal before this court assigning, in their consolidated brief, points of error pertaining to the lack of jurisdiction of the County Court at Law No. 2. of Tarrant County to foreclose liens upon real estate.

Tex.Const. art. V, § 1 provides:

"§ 1. Judicial power; courts in which vested

"Section 1. The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law . . .

"*The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.* As amended Nov. 8, 1977, eff. Jan. 1, 1978." (Emphasis supplied).

In exercising its authority the Texas Legislature has created several county courts at law and other statutory courts which are not strictly constitutional county courts nor are they constitutional district courts. The

jurisdiction of these "statutory courts" is prescribed by legislation conferring jurisdiction. *Jordan v. Crudgington,* 149 Tex. 237, 231 S.W.2d 641 (1950); *Reasonover v. Reasonover,* 122 Tex. 512, 58 S.W.2d 817 (1933).

Tex.Rev.Civ.Stat.Ann. (effective Jan. 1, 1979), in creating County Court at Law No. 2 of Tarrant County the legislature provided in pertinent part:

"Art. 1970–62.2 County Court at Law No. 2 of Tarrant County

"Section 1. (a) There is created a court to be held in Tarrant County to be known and designated as the 'County Court at Law. No. 2 of Tarrant County.'

"(b) The County Court at Law of Tarrant County shall be hereafter known and designated as the 'County Court at Law No. 1 of Tarrant County.'

"Sec. 2. (a) *The County Court at Law No. 2 of Tarrant County has jurisdiction of all civil matters and causes, original and appellate, over which by the general laws of the state the county court of the county would have jurisdiction, and its jurisdiction is concurrent with that of the County Court at Law of Tarrant County in civil matters and causes, original and appellate.* This provision does not affect the jurisdiction of the commissioners court or of the county judge of Tarrant County as the presiding officer of that court as to roads, bridges, and public highways, and matters which are now within the jurisdiction of the commissioners court or of the judge of the county court of Tarrant County. The county judge of Tarrant County shall be the judge of the county court of Tarrant County, and all ex officio duties of the county judge shall be exercised by the judge of the county court of Tarrant County.

"(b) The County Court at Law No. 2 of Tarrant County has the general jurisdiction of a probate court within the limits of Tarrant County, concurrent with the jurisdiction of the County Court of Tarrant County and the Probate Court of Tarrant County in such matters and proceedings. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and habitual drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and habitual drunkards, including the settlement, partition, and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law.

"(c) *The County Court at Law No. 2 of Tarrant County has jurisdiction concurrent with the district court in civil cases when the matter in controversy exceeds $500 and does not exceed $5,000, exclusive of interest, as provided by general law.*" (Emphasis supplied).

In a concurring opinion to one of this court's recent decisions Justice Spurlock wrote:

"Now, Tarrant County Court at Law No. 2 has civil jurisdiction concurrent with both the county court and the district court, but this civil jurisdiction is dependent upon an amount in controversy...." *Higgins v. State,* 591 S.W.2d 646, 649 (Tex.Civ.App.–Fort Worth, 1979, no writ).

The general law, as it is pertinent to the jurisdiction of the county and district courts, is found in several constitutional and statutory provisions:

Tex.Const. art. V, § 8–Jurisdiction of District Court:

"Sec. 8. The District Court shall have original jurisdiction ... of all suits for trial of title to land and for the enforcement of liens thereon; ...."

Tex.Const. art. V, § 16–County Courts; jurisdiction;

"Sec. 16. The County Court shall have original jurisdiction ... and concurrent jurisdiction with the District Court when the matter in controversy shall exceed $500, and not exceed $1,000, exclusive of interest, but shall not have jurisdiction of suits for the recovery of land...."

Tex.Rev.Civ.Stat.Ann. art. 1906–Original jurisdiction:

"The district court shall have original jurisdiction in civil cases of:

" ...

"4. Suits for the trial of title to land and for the enforcement of liens thereon ...."

Tex.Rev.Stat.Ann. art. 1951–No jurisdiction:

"The county court shall not have jurisdiction of any suit ... for the enforcement of liens upon land ...."

Insofar as the general law prescribes the jurisdiction of statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases, Tex.Rev.Civ.Stat.Ann. art. 1970a.–Amount in controversy provides:

"Art. 1970a. Amount in controversy

"All county courts at law, county civil courts, and other statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases shall have jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value Five Hundred Dollars ($500) and shall not exceed Five Thousand Dollars ($5,000) exclusive of interest. Added by Acts 1979, 62nd Leg., p. 2814, ch. 915, § 1, eff. June 15, 1971."

■ It is clear that the provisions dealing with the jurisdiction of the district courts do not use the term "exclusive". However, constitutional county courts have been explicitly precluded from hearing cases involving the recovery of land.

■ In harmonizing the grants of jurisdiction to Tarrant County Court at Law No. 2 we hold that inasmuch as Tex.Rev. Civ.Stat.Ann. art. 1970–62.2 § 2(a) grants the court jurisdiction of matters "over which by the general laws of the state the county court of the county would have jurisdiction," the Tarrant County Court at Law No. 2 does not have jurisdiction of any suit for the enforcement of liens upon land. We further hold that the grants under Tex. Rev.Civ.Stat.Ann. arts. 1970–62.2 § 2(c) and 1970a, which confer "jurisdiction concurrent with the district court in civil cases when the matter in controversy exceeds $500. and does not exceed $5000 ...." are applicable only when the amount in controversy is determinative. See: 1 McDonald, Texas Civil Practice sec. 1.14.2 (Supp.1980).

It would be impolitic for us to rule otherwise without a clearer mandate from the Legislature as to the jurisdiction of this and other statutory courts to hear suits involving the recovery of land. This holding in no way addresses the jurisdictional capacity of Tarrant County Court at Law No. 2 to hear matters involving land "incident to an estate."

The plaintiff's petitions put in issue the existence and right to foreclose liens on real estate, as well as debts. The general denials also put these matters in issue. Such causes are for the district court. The County Court at Law No. 2 of Tarrant County having no jurisdiction of the causes of action set forth in plaintiff's petitions on which the trial was had, this court has none. *Connell v. Shanafelt*, 446 S.W.2d 126 (Tex. Civ.App.–Fort Worth 1969, no writ); *Crowell v. Mickolasch*, 297 S.W. 234 (Tex.Civ. App.–Waco 1927, no writ).

The judgment of the trial court is reversed and the cause remanded with instruction to the trial court to dismiss unless amended pleadings are filed setting forth an action for the debts only, or other relief over which the trial court has jurisdiction.