

# THE ATTORNEY GENERAL
# OF TEXAS

August 28, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable A. J. Hartel
Liberty County Attorney
P. O. Box 431
Liberty, Texas 77575

Opinion No. JM-778

Re: Jurisdiction of a county court at law over suits for the collection of delinquent taxes

Dear Mr. Hartel:

You ask

> Whether the County Court at Law [for Liberty County] has jurisdiction over suits for the enforced collection of delinquent taxes in Liberty County, provided they are within the $50,000 jurisdictional limits of the Liberty County Court at Law.

We understand you to ask about the court's jurisdiction regarding delinquent tax suits on <u>real</u> property. We conclude that the County Court at Law of Liberty County has subject matter jurisdiction over matters involving delinquent tax foreclosures by virtue of article 1970-379, section 2(a)(1), V.T.C.S., so long as the amount in controversy falls within the jurisdictional amounts allowed by statute. Where a lawsuit seeks foreclosure of a statutory lien, the "amount in controversy" is the value of the property against which foreclosure is sought, if the value of the property is greater than the underlying debt (i.e. the taxes, penalty, and interest).

Article V, section 1, of the Texas Constitution lists the courts in which the judicial power of the state is vested and provides:

> The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

The County Court at Law in Liberty County is a statutory court created by the legislature pursuant to article V, section 1, of the

Texas Constitution. See, e.g., Jordan v. Crudgington, 231 S.W.2d 641 (Tex. 1950); Reasonover v. Reasonover, 58 S.W.2d 817 (Tex. 1933). Article 1970-379, section 2, V.T.C.S., provides as follows:

> (a) The county court at law has concurrent civil jurisdiction with the district court in:
>
> > (1) cases in which the matter in controversy exceeds $500 and does not exceed $50,000, excluding interest and attorney's fees;
>
> > . . . .
>
> (b) The county court at law has concurrent jurisdiction with the county court in:
>
> > (1) all civil and criminal cases and proceedings, original and appellate, prescribed by law for county courts. . . .
>
> (f) This section does not diminish the jurisdiction of the district courts but only gives concurrent jurisdiction to the county court at law over the matters specified in Subsections (a) through (d). The district courts retain and shall continue to exercise the jurisdiction conferred by law on district courts.
>
> (g) Article 1951, Revised Statutes, does not apply to the county court at law and does not affect or diminish the jurisdiction of the county court at law. (Emphasis added).

Article V, section 16, of the Texas Constitution provides in relevant part as follows:

> The County Court has jurisdiction as provided by law. The County Judge is the presiding officer of the County Court and has judicial functions as provided by law. . . .

Prior to its recent amendment, article V, section 16, expressly precluded constitutional county courts from hearing and determining "suits for the recovery of land." See, e.g., Blaylock v. Riser, 354 S.W.2d 134 (Tex. 1962); Milner v. Whatley, 282 S.W.2d 903 (Tex. Civ. App. - Eastland 1955, writ ref'd n.r.e.). That provision was removed after the section's most recent amendment. Acts 1985, 69th Leg., S.J.R. No. 14, §5, at 3358. However, section 26.041, Government Code, sets forth the following: "Except as otherwise provided by law, a

county court has the jurisdiction conferred by Article V, Section 16, of the Texas Constitution and by this subchapter." Section 26.043, Government Code, states: "A county court does not have jurisdiction in: . . . (2) a suit for the enforcement of a lien on land. . . ." The constitutional county court in Liberty County, then, does not have subject matter jurisdiction over suits for the enforcement of delinquent taxes.

Article V, section 8, of the Texas Constitution sets forth the jurisdiction of state district courts and provides the following:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal or administrative body. . . .

Nothing in Chapter 24 of the Government Code purports to invest exclusive jurisdiction in the district court of Liberty County.

Article 1951, V.T.C.S., now codified as section 26.043 of the Government Code, which provides that county courts have no jurisdiction for the enforcement of liens upon land, is inapplicable to Liberty County. See Dent v. Pines, 394 S.W.2d 266 (Tex. Civ. App. - Houston 1965, no writ); State v. Reece, 374 S.W.2d 686 (Tex. Civ. App. - Houston 1964, no writ). Article 1951, V.T.C.S., was repealed in 1985. Acts 1985, 69th Leg., ch. 480, §26, at 2048. Accordingly, the statute creating the County Court at Law for Liberty County confers on the court jurisdiction concurrent with that of the district and county court, without the limitation imposed on the county court that denies that court jurisdiction to try cases involving enforcement of a lien on land. See Conger v. Dalrymple, 608 S.W.2d 808 (Tex. Civ. App. - Fort Worth 1980, no writ).

We are required to construe statutory provisions in a way that

> expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968). By the clear terms of article 1970-379, V.T.C.S., the County Court at Law of Liberty County has subject matter jurisdiction over matters involving delinquent tax foreclosures, so long as the amounts in controversy fall within the jurisdictional amounts allowed by statute. Where a lawsuit seeks foreclosure of a statutory lien, the

"amount in controversy" is the value of the property against which foreclosure is sought, if the value of the property is greater than the underlying debt (i.e. the taxes, penalty, and interest due).

### S U M M A R Y

The County Court at Law in Liberty County has subject matter jurisdiction over matters involving delinquent tax foreclosures pursuant to article 1970-379, section 2(a)(1), V.T.C.S., so long as the amount in controversy falls within the jurisdictional amounts allowed by statute.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General